(371 P.3d 946)

No. 113,473

STATE OF KANSAS, *Appellee,* v. PETE D. VASQUEZ, *Appellant.*

Petition for review denied February 7, 2017.

Opinion filed April 29, 2016.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J, PIERRON, J., and JOHNSON, S.J.

STANDRIDGE, J.: Pete D. Vasquez appeals the district court's decision to summarily deny his motion to correct an illegal sentence. Specifically, Vasquez argues the district court erred by over-classifying his prior pre-Kansas Sentencing Guidelines Act (KSGA) burglary and robbery convictions as person felonies for criminal history purposes, which resulted in an illegal sentence. Vasquez claims he is entitled to relief under *Descamps v. United States,* 570 U.S. \_\_, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), as applied by our state in *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015) (*Dickey II*).

The State argues this court should not reach the merits of whether Vasquez' sentence is illegal because the issue is procedurally barred by the doctrines of waiver and res judicata, because the holding in *Dickey II* should not be retroactively applied in this case and because the Supreme Court's recent decision in *State v. Warrior*, 303 Kan. 1008, 368 P.3d 1111 (2016), held that a motion to correct an illegal sentence is not an appropriate vehicle to challenge the constitutionality of a sentence as Vasquez has done here. Finding no legal bar to our review, we hold that Vasquez' sentence is illegal under *Dickey II*, and therefore vacate the sentence imposed and remand the matter to the district court for resentencing.

## FACTS

On September 28, 2012, Vasquez pled guilty to one count of aggravated escape from custody, a severity level 5 nonperson felony. His escape occurred on June 23, 2012.

Vasquez' presentence investigation (PSI) report reflected five crimes classified as person felonies in his criminal history. Four of the person felony convictions occurred in 1978 and each were identified as "burglary of a residence" in violation of K.S.A. 21-3715(a). The PSI report also reflected that Vasquez had been convicted of attempted robbery, a person felony, in 1982. At sentencing, Vasquez agreed his PSI report was accurate and conceded his criminal history score should be "A." Later in the sentencing hearing, the district court granted a motion for departure filed by Vasquez and sentenced him to 65 months in prison. Vasquez did not file a direct appeal.

In 2014, Vasquez filed a motion to correct an illegal sentence under K.S.A. 22-3504(1). In it, he argued the ruling in *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016), required his pre-1993 person felonies to have been scored as nonperson felonies when calculating his criminal history score.

After he filed his motion, a panel of this court issued *State v. Dickey*, 50 Kan. App. 2d 468, 484, 329 P.3d 1230 (2014), *aff'd* 301 Kan. 1018, 350 P.3d 1054 (2015) (*Dickey I*). In *Dickey I*, we held

that judicial factfinding at sentencing that goes beyond the existence of a prior conviction or the statutory elements constituting the prior conviction violates a defendant's right under the Sixth Amendment to the United States Constitution based on the holdings in *Descamps* and *Apprendi*. 50 Kan. App. 2d at 489. While Dickey's petition for review was pending on appeal before our Supreme Court, Vasquez filed a second motion to correct an illegal sentence. In this second motion, Vasquez argued the district court erred by over-classifying his prior pre-KSGA burglary and robbery convictions as person felonies for criminal history purposes, which resulted in an illegal sentence under *Descamps*, *Apprendi*, and *Dickey I*.

The district court summarily denied both motions without a hearing. In its journal entry disposing of the motions, the court found neither *Murdock* nor *Dickey I* provided a basis for relief. The court also found Vasquez had waived the issues presented in his motions. Vasquez timely appealed. The Supreme Court subsequently affirmed this court's holding in *Dickey I*.

## Analysis

Vasquez claims the district court erroneously denied his motion to correct an illegal sentence. K.S.A. 22-3504(1) provides that "[t]he court may correct an illegal sentence at any time." Whether a sentence is illegal is a question of law over which an appellate court has unlimited review. *State v. Moncla,* 301 Kan. 549, 551, 343 P.3d 1161 (2015). Our Supreme Court has defined "illegal sentence" under K.S.A. 22-3504 as:

"(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served." *Moncla*, 301 Kan. at 551.

The State does not challenge Vasquez' motion on the merits. Rather, it contends that Vasquez is procedurally barred from obtaining relief on his claim because (a) Vasquez waived his claim by failing to object to his criminal history score at sentencing; (b) Vasquez' failure to raise his claim at sentencing or on direct appeal precludes the court from considering it now based on the doctrine

of res judicata; (c) Vasquez is not entitled to have the Supreme Court's holding in *Dickey II* retroactively applied to his case; and (d) Vasquez' motion to correct an illegal sentence is not the proper procedural vehicle to challenge the constitutionality of his sentence. Given the State's arguments are all procedural in nature, we address each of them before reaching the merits of Vasquez' claim of illegal sentence.

## 1. *Procedural issues*

### a. *Waiver*

The State contends Vasquez waived the right to challenge his criminal history score because he failed to object to it at sentencing or on direct appeal. But the Supreme Court specifically addressed this contention in *Dickey II* and resolved it against the State's position. In that case, the court held Dickey was not barred from challenging the classification of his prior burglary adjudication even after he stipulated to his criminal history score at sentencing:

"[A] defendant's stipulation or failure to object at sentencing will prevent the defendant from later challenging the existence of convictions listed in his or her criminal history. But a stipulation or lack of an objection regarding how those convictions should be classified or counted as a matter of law for the purpose of determining the defendant's criminal history score will not prevent a subsequent challenge under K.S.A. 22-3504(1) of his or her prior convictions. [Citation omitted.]" *Dickey II*, 301 Kan. at 1032.

The same analysis applies here. Thus, Vasquez has not waived his right to obtain relief from an illegal sentence by failing to object to his criminal history score at sentencing.

### b. *Res judicata*

Similarly, the doctrine of res judicata does not bar a motion to correct an illegal sentence, which by statute may be brought at any time. The applicability of res judicata is a question of law over which the appellate court has unlimited review. *State v. Robertson*, 298 Kan. 342, 344, 312 P.3d 361 (2013).

The State correctly recites the general rule of res judicata, which requires a defendant to raise all available issues on direct appeal. See *State v. Neer*, 247 Kan. 137, 140-41, 795 P.2d 362 (1990). However, our Supreme Court has recognized the statutory exception

for motions to correct illegal sentences, which the legislature expressly provides may be brought "at any time." K.S.A. 22-3504(1); *State v. Neal*, 292 Kan. 625, 631, 258 P.3d 365 (2011). In *Neal*, the defendant filed a motion to correct an illegal sentence 7 years after his direct appeal, claiming for the first time that his prior misdemeanor convictions were improperly aggregated into a single person felony in determining his criminal history score. 292 Kan. at 627. The court held that because a motion to correct an illegal sentence may be filed at any time, the motion was not barred by res judicata. 292 Kan. at 631; see also *State v. Martin*, 52 Kan. App. 2d 474, Syl. ¶ 5, 369 P. 3d 959 (2016) ("Applying the doctrine of res judicata to bar challenges of an illegal sentence merely because they could have been brought in a direct appeal would undermine the clear statutory directive in K.S.A. 22-3504[1] that courts may correct an illegal sentence at any time.").

Based on the holding by our Supreme Court in *Neal*, the doctrine of res judicata does not preclude Vasquez from seeking relief from an illegal sentence.

c. *Retroactive application of the holding in* Dickey II

The State argues Vasquez' motion is procedurally barred because the Supreme Court's holding in *Dickey II* may not be retroactively applied to the current case, which was final when the Supreme Court's opinion in *Dickey II* was filed.

As a general rule, "when an appellate court decision changes the law, that change acts prospectively and applies only to all cases, state or federal, that are pending on direct review or not yet final on the date of the appellate court decision." *State v. Mitchell*, 297 Kan. 118, Syl. ¶ 3, 298 P.3d 349 (2013). However, the court's holding in *Dickey II* is not a "change in the law" under that analysis, but rather an application of the constitutional rule announced in *Apprendi* and clarified by *Descamps*. See *Dickey II*, 301 Kan. at 1021 ("[C]lassifying Dickey's prior burglary adjudication as a person felony violates his constitutional rights as described under *Descamps* and *Apprendi*."); *Martin*, 52 Kan. App. 2d at 484 ("*Descamps* provided a means by which to determine whether certain sentencing determinations violated *Apprendi*, and *Dickey* [*II*] applied that framework to Kansas criminal history determinations."). Accordingly, the

date *Apprendi* was decided is the relevant date for purposes of the retroactivity analysis. *State v. Gould,* 271 Kan. 394, 23 P.3d 801 (2001). In *Gould,* the court indicated that all post-*Apprendi* cases must comply with the constitutional rule announced in that case:

"Our holding on the constitutionality of upward departures under the KSGA has no retroactive application to cases final as of June 26, 2000, the date *Apprendi* was decided. However, the new constitutional sentencing rule established by *Apprendi* must be applied here and in all cases pending on direct appeal *or which are not yet final or which arose after June 26, 2000.* [Citation omitted.]" (Emphasis added.) *Gould,* 271 Kan. at 414.

Vasquez' claim seeking relief from an illegal sentence in this case arose well after *Apprendi*; therefore, applying the *Apprendi* constitutional analysis set forth in *Dickey II* is not an improperly retroactive application of that law. *Cf. Whisler v. State,* 272 Kan. 864, 36 P.3d 290 (2001), *cert. denied* 535 U.S. 1066 (2002) (direct appeal final prior to *Apprendi* decision, so *Apprendi* was not retroactively applied). Our finding in this regard corresponds with this court's recent finding in *Martin*:

"[W]e find that retroactivity analysis is not applicable when it is determined by a court that a constitutional error affects the defendant's criminal history score resulting in an illegal sentence. The legislative directive in K.S.A. 22-3504(1) allows courts to correct an illegal sentence at any time. Thus, we conclude that a claim under *Dickey* [*II*] may be brought by a defendant in a motion to correct illegal sentence even when the time for direct appeal has passed and the defendant's sentence is final." 52 Kan. App. 2d at 483-84.

As the court did in *Martin,* we conclude Vasquez is not procedurally barred from obtaining relief from an illegal sentence based on the fact that Vasquez' case was final when the Supreme Court's opinion in *Dickey II* was filed.

d. *Applicability of the holding in* Warrior

Although not in its brief because the Supreme Court's opinion had not yet been filed, the State urged us at oral argument to deny Vasquez' motion to correct an illegal sentence based on *State v. Warrior,* 303 Kan. 1008, 368 P.3d 1111 (2016), which held that a motion to correct an illegal sentence is not the proper procedural vehicle to challenge the constitutionality of a statute.

Vasquez challenges his sentence based on the second definition

of a K.S.A. 22-3504 illegal sentence as defined by our Supreme Court: his sentence does not conform to the applicable statutory provision in terms of the punishment authorized. See *Moncla*, 301 Kan. at 551. Specifically, Vasquez argues the burglary statute upon which each of his pre-1993 burglary convictions was based did not include the dwelling element required to classify the crime as a person felony; thus, the district court was constitutionally prohibited from classifying them as person felonies for criminal history purposes. Vasquez claims the district court's misclassification in this regard resulted in a higher criminal history score which, in turn, caused the court to impose an illegal sentence that did not conform to the applicable statutory provision in terms of the punishment authorized.

But the State contends Vasquez is precluded from obtaining relief on his claim based on *Warrior*, a case in which the Kansas Supreme Court recently held that a motion to correct an illegal sentence is not the proper procedural vehicle to challenge the constitutionality of a sentence. In *Warrior*, a jury convicted the defendant of first-degree murder and conspiracy to commit murder. Finding that two aggravating factors existed and outweighed any mitigating circumstances, the court sentenced Warrior to a hard 50 life sentence under K.S.A. 2005 Supp. 21-4635. Warrior's sentence was upheld on direct appeal. See *State v. Warrior*, 294 Kan. 484, 277 P.3d 1111 (2012).

A year or so after Warrior's sentence was upheld, the United State Supreme Court issued *Alleyne v. United States*, 570 U.S. __, 133 S. Ct. 2151, 2156, 186 L. Ed. 2d 314 (2013), in which it held that the Sixth Amendment requires any fact increasing a mandatory minimum sentence for a crime to be proved to a jury beyond a reasonable doubt. Shortly after *Alleyne* was decided, Warrior filed a motion to correct an illegal sentence, claiming the hard 50 statute under which she was sentenced, K.S.A. 2005 Supp. 21-4635, was unconstitutional. That motion was summarily denied, and Warrior appealed. While Warrior's case was pending on appeal, the hard 50 statute at issue was held unconstitutional in *State v. Soto*, 299 Kan. 102, 322 P.3d 334 (2014).

Affirming the district court's decision to deny Warrior's motion

to correct an illegal sentence, the *Warrior* court held that the "motion to correct an illegal sentence is not an appropriate procedural vehicle to challenge the constitutionality of the procedures used to impose her hard 50 life sentence." *Warrior*, 303 Kan. at 1010. The *Warrior* court held that Warrior's claim fell under the general rule that K.S.A. 22-3504 "does not cover a claim that a sentence violates a constitutional provision." *Warrior*, 303 Kan. at 1010 (citing *State v. Mitchell*, 284 Kan. 374, 376-77, 162 P.3d 18 [2007]); see also *Moncla*, 301 Kan. at 553-54 ("'Because the definition of an illegal sentence does not include a claim that the sentence violates a constitutional provision, a defendant may not file a motion to correct an illegal sentence based on constitutional challenges to his or her sentence.'").

But unlike the defendant's claim in *Warrior*, Vasquez does not challenge the constitutionality of the statute upon which his current conviction is based or the sentence imposed by the court as a result of the current conviction. Instead, Vasquez identifies the constitutional violation in this case as the sentencing court's factual determination that all of his pre-1993 burglary convictions involved a dwelling. As Vasquez correctly states in his brief, the burglary statute upon which each of his pre-1993 convictions was based did not include a dwelling element. As such, Vasquez claims the sentencing court went beyond simply identifying the statutory elements that constituted the prior burglary convictions and affirmatively engaged in judicial factfinding, which impermissibly invaded the province of a jury under the Sixth Amendment. *As a result of this constitutional error*, Vasquez alleges the sentencing court misclassified his prior burglary convictions as person offenses, which increased his criminal history and resulted in an illegal sentence that did not comply with the applicable statutory provision regarding the term of punishment authorized.

Because it is grounded in the sentencing court's misclassification of his prior convictions as person offenses for purposes of calculating criminal history, Vasquez' claim here is identical to claims where Kansas courts have held K.S.A. 22-3504 to be the proper procedural vehicle to challenge an illegal sentence. See *Neal*, 292 Kan. at

631 (challenge to criminal history score necessarily challenges sentence that criminal history score helped produce; if criminal history score is wrong then resulting sentence cannot conform with statutory provision governing term of punishment authorized); *State v. Luarks*, 302 Kan. 972, 975, 360 P.3d 418 (2015) (claim alleging misclassification of prior convictions as person offenses "necessarily raise[s] a claim that the current sentence is illegal because it does not comply with the applicable statutory provision regarding the term of punishment authorized"); *Dickey II*, 301 Kan. at 1034 (legal challenge to classification of prior adjudication or conviction for purposes of lowering criminal history score is claim that can be raised for first time on appeal in motion to correct illegal sentence under K.S.A. 22-3504).

Thus, Vasquez' claim falls squarely within the scope of relief afforded by the legislature under K.S.A. 22-3504; and his motion to correct an illegal sentence is properly before the court as a challenge to a "sentence that does not conform to the applicable statutory provision, either in character or the term of authorized punishment." See *State v. Gilbert*, 299 Kan. 797, 801, 326 P.3d 1060 (2014).

## 2. *Illegal sentence*

### a. *1978 burglary convictions*

Finding no procedural bar, we now address the merits of Vasquez' claim of an illegal sentence based on the sentencing court's erroneous classification of his four 1978 burglary conviction as person felonies in violation of his constitutional rights under *Descamps*, 133 S. Ct. at 2281-87 (sentencing judge violates Sixth Amendment by increasing criminal sentence based on facts about prior burglary that were not proven to jury beyond reasonable doubt), *Apprendi*, 530 U.S. at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."), and as applied by our Supreme Court in *Dickey II*. The State does not dispute that if *Dickey II* applies, Vasquez' sentence is illegal.

*Dickey II* presented almost identical facts to those presented

here. In that case, Dickey pled guilty to felony theft. At sentencing, his PSI report listed a 1992 juvenile adjudication for burglary, which the sentencing court classified as a person felony. Dickey did not object to his criminal history score or PSI report at sentencing. On appeal, he challenged the classification of the prior adjudication as a person felony as a violation of his Sixth Amendment rights established by the United States Supreme Court in *Apprendi* and *Descamps. Dickey II*, 301 Kan. at 1023. The court found that the 1992 burglary statute under which Dickey had previously been adjudicated did not require evidence that the burglarized structure was a dwelling. 301 Kan. at 1039. The court noted that the distinction between person and nonperson crimes did not exist when Dickey was adjudicated but after the KSGA was enacted in 1993, a burglary had to be of a "dwelling" in order to be classified a person felony. See K.S.A. 2015 Supp. 21-6811(d).

The *Dickey II* court ultimately held the sentencing court was constitutionally prohibited from making a factual determination that the prior burglary adjudication involved a dwelling. The court's improper determination in that regard necessarily resulted in misclassification of the prior adjudication as a person offense. This, in turn, increased Dickey's criminal history score and resulted in an illegal sentence that did not comply with the applicable statutory provision regarding the term of punishment authorized. 301 Kan. at 1020-21.

Like the facts in *Dickey II*, the burglary statute in effect at the time Vasquez committed the 1978 burglaries did not contain the dwelling element required to classify the crime as a person felony. Under the legal principles set forth in *Dickey II*, then, we conclude the sentencing court violated Vasquez' constitutional right by finding the four 1978 burglaries involved a dwelling and, as a result, erroneously misclassified those prior burglaries as person felonies for purposes of calculating Vasquez' criminal history score, which resulted in an illegal sentence that did not comply with the applicable statutory provision regarding the term of punishment authorized.

b. *1982 attempted robbery conviction*

The final issue that remains to be decided in this case is whether

Vasquez' 1982 conviction for attempted robbery was also misclassified as a person felony. To support his claim that this conviction was misclassified, Vasquez relies entirely on *Murdock*. In *Murdock*, the Kansas Supreme Court found that when calculating a defendant's criminal history, all out-of-state crimes committed prior to the enactment of the KSGA in 1993 must be classified as nonperson offenses. 299 Kan. 312, Syl. ¶¶ 4-5. Vasquez argues that the same reasoning applies to in-state convictions as well. To bolster this argument, Vasquez asserts that treating in-state convictions differently than out-of-state convictions violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

But *Murdock* was explicitly overruled by the Kansas Supreme Court in *Keel*, 302 Kan. at 589. In *Keel*, our Supreme Court found that classification of a prior in-state conviction must be based on the classification in effect for the comparable offense when the current crime of conviction was committed. 302 Kan. at 590. This ruling is consistent with recent amendments to the statute governing classification of Kansas offenses for criminal history purposes. See L. 2015, ch. 5, sec. 1. Vasquez argues that applying the amended statute to him would violate the Ex Post Facto Clause of Article 1, Section 10 of the United States Constitution. But he only makes this argument to seek application of the now obsolete *Murdock* rule to his case, and *Murdock* was specifically overruled by *Keel*. And relevant to Vasquez' argument, the *Keel* court specifically found that its holding was based on *State v. Vandervort*, 276 Kan. 164, 179, 72 P.3d 925 (2003), *overruled in part by State v. Dickey*, 301 Kan. 1018; and *State v. Sylva*, 248 Kan. 118, 120-21, 804 P.2d 967 (1991), and did not rely on the recent statutory amendment. *Keel*, 302 Kan. at 589-91.

Despite the fact that Vasquez filed a reply brief in this case 4 months after *Murdock* had been overruled by *Keel*, he fails to brief any issues relating to the comparability of attempted robbery as defined in 1982 and 2011. An issue not briefed on appeal is deemed waived and abandoned. *State v. Jones*, 300 Kan. 630, 639, 333 P.3d 886 (2014).

Based on the discussion above, we vacate the sentenced imposed and remand the matter to the district court with directions to reclassify the 1978 burglaries as nonperson offenses, recalculate Vasquez' criminal history score based on reclassification, and resentence Vasquez based on the recalculated criminal history score.