NOT DESIGNATED FOR PUBLICATION

No. 114,030

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARK MCCLOUGH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed July 15, 2016. Sentence vacated and case remanded with directions.

*Carl F.A. Maughan* and *Sean M.A. Hatfield*, of Maughan Law Group LC, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, *Derek L. Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., HILL and BRUNS, JJ.

*Per Curiam*:  In May 2005, Mark McClough was convicted of aggravated robbery and aggravated escape from custody in two cases. His presentence investigation report (PSI) calculated his criminal history score as A based upon a criminal history that included three in-state person felonies:  a 1984 burglary juvenile adjudication, a 1985 aggravated robbery conviction, and a 1991 aggravated robbery conviction. Following sentencing McClough appealed.

1

On appeal McClough argued that the district court violated his constitutional rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), by using his prior convictions to enhance his sentence without requiring his criminal history to be included in the complaint and proved to the jury beyond a reasonable doubt. This court affirmed McClough's convictions and sentences. *State v. McClough*, No. 96,322, 2007 WL 1964962 (Kan. App. 2007) (unpublished opinion), *rev. denied* 285 Kan. 1176 (2007).

In June 2014, McClough moved to correct his claimed illegal sentences based on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). This was followed by a second motion asserting that his 1984 burglary juvenile adjudication should have been classified as a nonperson offense for purposes of calculating his criminal history score, based on *State v. Dickey*, 50 Kan. App. 2d 468, 329 P.3d 1230 (2014), *aff'd* 301 Kan. 1018, 301 P.3d 1054 (2015).

In December 2014 the district court summarily denied McClough's motions, and McClough appeals.

McClough claims the district court misclassified his prior juvenile adjudication based on our Supreme Court's holding in *Dickey*. Whether a sentence is illegal under K.S.A. 22-3504 is a question of law subject to de novo review. *State v. Moncla*, 301 Kan. 549, 551, 343 P.3d 1161 (2015).

The State concedes this adjudication would be scored as a nonperson offense under *Dickey* if McClough were sentenced today, but it contends McClough's motion is not the appropriate procedural vehicle to challenge his sentences.

Under K.S.A. 22-3504(1), a court may correct an illegal sentence at any time. A sentence is illegal if: (1) it was imposed by a court without jurisdiction; (2) it does not conform to the applicable statutory provision, either in character or term of punishment authorized; or (3) it is ambiguous with regard to the time and manner in which it is to be served. *State v. Neal*, 292 Kan. 625, 630, 258 P.3d 365 (2011).

But in *State v. Warrior*, 303 Kan. 1008, 1112, 368 P.3d 1111 (2016), the court declared that a motion to correct an illegal sentence under K.S.A. 22-3504(1) "does not cover a claim that a sentence violates a constitutional provision." The issue there was whether the sentencing court violated the defendant's constitutional rights under *Apprendi* when the judge imposed a hard-50 sentence after finding that two aggravating factors existed. Our court recently considered the matter in *State v. Vasquez*, 52 Kan. App. 2d 708, 714-17, 371 P.3d 946 (2016), and held that a motion to correct an illegal sentence is an appropriate procedural vehicle to challenge the classification of a prior burglary conviction under *Dickey*. The claim falls squarely within the scope of relief afforded by K.S.A. 22-3504(1) and does not violate *Warrior* because it is not a constitutional challenge to the sentencing statute or the sentence itself. 52 Kan. App. 2d at 716. Rather, the claim is "grounded in the sentencing court's misclassification of . . . prior convictions as person offenses for purposes of calculating criminal history." 52 Kan. App. 2d at 716.

McClough does not challenge the constitutionality of a sentencing statute or his sentence. Instead, he asserts the district court erred in calculating his criminal history score which resulted in a sentence that does not comply with the applicable statutory provision in the term of punishment authorized. McClough's claim based on *Dickey* is not procedurally barred under *Warrior* and is within the scope of relief afforded by K.S.A. 22-3504.

3

The State also argues that res judicata procedurally bars McClough's claim. Whether res judicata applies is a question of law over which we have unlimited review. *State v. Robertson*, 298 Kan. 342, 344, 312 P.3d 361 (2013).

Res judicata generally applies to all issues that were raised or could have been raised in an appeal from a defendant's sentence or conviction. *State v. Kingsley*, 299 Kan. 896, 901, 326 P.3d 1083 (2014). The State relies on *State v. Johnson*, 269 Kan. 594, 602, 7 P.3d 294 (2000), in which our Supreme Court reiterated that a motion to correct an illegal sentence "may not be used as a vehicle to breathe new life into appellate issues previously abandoned or adversely determined." But K.S.A. 22-3504(1) provides a limited exception to the general rule that a defendant must raise all available issues on direct appeal. *State v. Martin*, 52 Kan. App. 2d 474, 481, 369 P.3d 959 (2016), *petition for rev. filed* May 5, 2016; see *Neal*, 292 Kan. at 631. "'If a sentence is illegal, then the court may correct an illegal sentence at any time despite a defendant's failure to raise the issue on direct appeal.'" *Martin*, 52 Kan. App. 2d at 481 (quoting *Angelo v. State*, No. 109,660, 2014 WL 1096834, at \*3 [Kan. App. 2014] [unpublished opinion], *rev. denied* 301 Kan. 1045 [2015]).

McClough did not challenge the calculation of his criminal history score in his direct appeal. He only argued the enhancement of his sentence based on his prior convictions violated his constitutional rights under *Apprendi.* McClough's present challenge to the classification of his prior convictions is distinctly different. Based on *Neal* and *Martin*, we find res judicata does not procedurally bar McClough's collateral challenge to his sentences.

Finally, the State contends McClough's claim is procedurally barred because *Dickey* may not be applied on collateral review of a sentence that was already final when *Dickey* was filed. We rejected this argument in *Martin*, holding that Kansas courts may correct an illegal sentence at any time, even after the time for a direct appeal has passed

4

and a defendant's sentence is final. 52 Kan. App. 2d at 484. Further, *Dickey* was merely an application of the constitutional rule announced in *Apprendi* and later clarified by *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013). McClough's claim seeking relief from an illegal sentence arose well after *Apprendi*. See *State v. Gould*, 271 Kan. 394, 414, 23 P.3d 801 (2001) ("[T]he new constitutional sentencing rule established by *Apprendi*" applies in all cases arising after June 26, 2000.). This procedural-bar argument fails.

Turning to McClough's substantive argument based on *Dickey*, the defendant in *Dickey* challenged the classification of his pre-guidelines burglary adjudication as a person offense, arguing it violated his Sixth Amendment rights under *Apprendi* and *Descamps*. In *Dickey*, our Supreme Court determined the burglary statute in effect when the defendant committed his prior burglary did not include any elements that referenced a dwelling. Thus, a determination that the defendant burgled a dwelling "necessarily involve[d] judicial factfinding that [went] beyond merely finding the existence of a prior conviction or the statutory elements constituting that prior conviction." As a result, "classifying [the defendant]'s prior burglary adjudication as a person felony violate[d] his constitutional rights as described under *Descamps* and *Apprendi*." *Dickey*, 301 Kan. at 1021.

The facts in *Dickey* are factually indistinguishable from those now before us. The controlling statute at the time McClough committed burglary did not require that the burgled structure was a dwelling. See K.S.A. 21-3715 (Ensley 1981). But the comparable burglary statute in effect at McClough's sentencing required the burgled structure to have been a dwelling for the crime to be classified as a person offense. See K.S.A. 21-3715 (now K.S.A. 2015 Supp. 21-5807). Thus, in classifying McClough's prior burglary adjudication as a person offense, the district court had to engage in judicial factfinding by determining the burglary involved a dwelling in violation of *Apprendi* and *Descamps*.

5

Next, based on *Murdock*, McClough argues his prior aggravated robbery convictions should have been classified as nonperson felonies. In *Murdock*, our Supreme Court held that out-of-state crimes committed before the enactment of the KSGA in 1993 must be classified as nonperson offenses for criminal history purposes. 299 Kan. 312, Syl. ¶¶ 4-5. McClough asserts the same reasoning should apply to in-state convictions. This argument was rejected in *State v. Waggoner*, 51 Kan. App. 2d 144, 155-56, 343 P.3d 530, *rev. denied* 303 Kan. ___ (2015). Besides, *Murdock* was overruled by *State v. Keel*, 302 Kan. 560, 589, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). In *Keel*, our Supreme Court held that classification of pre-guidelines convictions is determined by looking to the statute criminalizing the prior offense (if in-state) or to the comparable offense statute (if out-of-state) in effect on the date the defendant committed the current crime of conviction. 302 Kan. at 581.

McClough is not entitled to any relief based on *Murdock*. At the time of his crimes in 2004, aggravated robbery in Kansas was a person felony. See K.S.A. 21-3427. Based on *Keel*, the district court properly classified McClough's prior aggravated robbery convictions as person offenses.

We conclude that while the district court correctly classified McClough's prior aggravated robbery convictions, the court misclassified McClough's prior burglary conviction as a person offense and, by doing so, imposed an illegal sentence because the term of the punishment authorized did not comply with the applicable statutory provision. Thus, we vacate McClough's sentences and remand the cases for resentencing based on his recalculated criminal history score.

As his final point, McClough argues the district court violated his statutory right to be present at the hearing on his motions to correct an illegal sentence. Under K.S.A. 22-3504(1), a defendant has "a right to a hearing, . . . to be personally present and to have the assistance of counsel at any proceeding for the correction of an illegal sentence." But the

court did not convene any proceedings on McClough's motions; it summarily rejected them. The protections of K.S.A. 22-3504 do not apply when a district court summarily denies a motion to correct an illegal sentence. *Makthepharak v. State*, 298 Kan. 573, 576, 314 P.3d 876 (2013). Besides, this argument is moot based on our decision to vacate McClough's sentences and remand for resentencing.

Sentence vacated and case remanded for resentencing.