NOT DESIGNATED FOR PUBLICATION

No. 113,936

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHN LUTON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed July 22, 2016. Sentence vacated and case remanded with directions.

*Carl F.A. Maughan* and *Sean M.A. Hatfield*, of Maughan Law Group LC, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., HILL and BRUNS, JJ.

*Per Curiam*: In 1997 John Luton was convicted of aggravated criminal sodomy and aggravated burglary. Luton's presentence investigation (PSI) report calculated his criminal history score as A based on three prior person felony convictions: a burglary conviction in 1981, an aggravated burglary conviction in 1984, and a post-guidelines aggravated burglary conviction. Following his sentencing, Luton appealed. This court affirmed in *State v. Luton*, No. 80,958, unpublished opinion filed January 29, 1999, *rev. denied* 266 Kan. 1113 (1999).

1

Thereafter Luton sought relief through various motions, but until 2008 he did not challenge the classification of the crimes used to determine his criminal history score. See *State v. Luton*, No. 109,279, 2014 WL 642115 (Kan. App. 2014) (unpublished opinion); *Luton v. State*, No. 104,166, 2011 WL 4440208 (Kan. App. 2011) (unpublished opinion), *rev. denied* March 8, 2012; *Luton v. State*, No. 94,605, 2007 WL 92649 (Kan. App. 2007) (unpublished opinion), *rev. denied* March 7, 2007; *Luton v. State*, No. 90,220, 2004 WL 1488761 (Kan. App. 2004) (unpublished opinion); *Luton v. State*, 86,403, unpublished opinion filed March 22, 2002.

In 2008, Luton moved to correct an illegal sentence, asserting that his criminal history should have been proven to a jury under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Luton appealed. His appeal was disposed of by order, summarily affirming in part and dismissing in part.

Then, in 2014, 16 years after he was sentenced, Luton again moved for relief from his sentence, arguing that the district court erroneously classified his 1981 burglary conviction and his 1984 aggravated burglary conviction as person felonies in calculating his criminal history score. He relied on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, 589, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016), and *State v. Dickey*, 50 Kan. App. 2d 468, 329 P.3d 1230 (2014), *aff'd* 301 Kan. 1013, 350 P.3d 1054 (2015).

The district court summarily denied relief, and Luton appeals.

On appeal, Luton argues that his 1981 burglary and 1984 aggravated burglary convictions should have been scored as nonperson felonies for criminal history purposes based on our Supreme Court's holdings in *Dickey* and *Murdock*.

Whether a prior conviction should be classified as a person or nonperson offense involves the interpretation of the Kansas Sentencing Guidelines Act (KSGA), a matter over which we have unlimited review. *State v. Keel*, 302 Kan. 560, 571, 357 P.3d 251 (2015). Further, we have de novo review when the district court summarily denies a motion to correct an illegal sentence. *Makthepharak v. State*, 298 Kan. 573, 577, 314 P.3d 876 (2013).

*State's defenses*

The State argues that Luton is not entitled to relief because a motion to correct an illegal sentence under K.S.A. 22-3504 is not the appropriate vehicle for bringing a constitutional claim.

Under K.S.A. 22-3504(1), a court may correct an illegal sentence at any time. A sentence is illegal if: (1) it was imposed by a court without jurisdiction; (2) it does not conform to the applicable statutory provision, either in character or term of punishment authorized; or (3) it is ambiguous with regard to the time and manner in which it is to be served. *State v. Neal*, 292 Kan. 625, 630, 258 P.3d 365 (2011).

In *State v. Warrior*, 303 Kan. 1008, 1112, 362 P.3d 828 (2016), the court declared that a motion to correct an illegal sentence under K.S.A. 22-3504(1) "does not cover a claim that a sentence violates a constitutional provision." The issue there was whether the sentencing court violated the defendant's constitutional rights under *Apprendi* when the judge imposed a hard-50 sentence after finding that two aggravating factors existed. Our court recently considered the matter in *State v. Vasquez*, 52 Kan. App. 2d 708, 716, 371 P.3d 946 (2016), and held that a motion to correct an illegal sentence is an appropriate procedural vehicle to challenge the classification of a prior burglary conviction under *Dickey*. The claim falls squarely within the scope of relief afforded by K.S.A. 22-3504(1) and does not violate *Warrior* because it is not a constitutional challenge to the sentencing

3

statute or the sentence itself. 52 Kan. App. 2d at 716. Rather, the claim is "grounded in the sentencing court's misclassification of . . . prior convictions as person offenses for purposes of calculating criminal history." 52 Kan. App. 2d at 716.

Luton does not challenge the constitutionality of a sentencing statute or his sentence. Instead, he asserts the district court erred in calculating his criminal history score which resulted in a sentence that does not comply with the applicable statutory provision in the term of punishment authorized. This claim is not procedurally barred under *Warrior* and is within the scope of relief afforded by K.S.A. 22-3504.

In *State v. Martin*, 52 Kan. App. 2d 474, 481, 363 P.3d 1133 (2016), *petition for rev. filed* May 5, 2016, the court reiterated the "clear statutory directive" that a motion to correct an illegal sentence may be brought at any time. See K.S.A. 22-3504(1). See also *State v. Luarks*, 302 Kan. 972, 975, 360 P.3d 418 (2015) (motion to correct illegal sentence proper when claim is misclassification of prior offenses as person offenses); *Dickey*, 301 Kan. at 1034 (K.S.A. 22-3504[1] authorizes a court to correct an illegal sentence at any time); *State v. Neal*, 292 Kan. 625, 631, 258 P.3d 365 (2011) (motion to correct an illegal sentence based on calculation of criminal history score may be filed at any time); *Vasquez*, 52 Kan. App. 2d at 716 (clarifying the difference between a claim that a sentencing statute is unconstitutional from a claim that a constitutional error caused an illegal sentence).

The State asserts that *Neal* and *Dickey* were wrongly decided because the definition of an illegal sentence does not include a claim that the sentence violates the constitution. But we are bound by the Supreme Court's holding in these cases absent some indication the Supreme Court is departing from its holdings in these cases. See *State v. Belone*, 51 Kan. App. 2d 179, 211, 343 P.3d 128, *rev. denied* 302 Kan. ___ (2015). We see no such indication. Luton argues that the misclassification of his prior crimes resulted in a sentence that is illegal (rather than unconstitutional) in that it does

4

not conform to the applicable statutory provision in terms of the punishment authorized. Luton's motion to correct an illegal sentence is the proper vehicle to raise this issue.

The State also claims that Luton abandoned this issue and is now barred from raising it under res judicata because he did not raise the issue in his direct appeal, in his K.S.A. 60-1507 proceedings, or in his 2004 motion to correct an illegal sentence. The State relies on *State v. Johnson*, 269 Kan. 594, 601, 7 P.3d 294 (2000). But in *Johnson* the issue was whether the State acted in accordance with its plea bargain obligations, not that the court imposed an improper sentence based on an erroneous criminal history score. Besides, as the *Martin* court stated:

> "The doctrine of res judicata or waiver does not apply to bar a claim when that claim, if true, would render a sentence illegal and the claim has not been previously addressed on its merits."
>
> "Applying the doctrine of res judicata to bar challenges of an illegal sentence merely because they could have been brought in a direct appeal would undermine the clear statutory directive in K.S.A. 22-3504(1) that courts may correct an illegal sentence at any time." *Martin*, 52 Kan. App. 2d 474, Syl. ¶¶ 4, 5.

We adopt the reasoning in *Martin*. Luton's claims are not barred by the doctrine of res judicata.

The State next claims that Luton is not entitled to retroactive application of our Supreme Court's holding in *Dickey*. But Kansas courts have jurisdiction to correct an illegal sentence at any time. Finding guidance in *Neal*, our court held "that retroactivity analysis is not applicable when it is determined by a court that a constitutional error affects the defendant's criminal history score resulting in an illegal sentence." *Martin*, 52 Kan. App. 2d at 483-84.

5

Thus, we conclude that Luton is not procedurally barred from obtaining relief based on the State's claim that the holding in *Dickey* should not be applied retroactively.

*1981 burglary conviction*

Turning to the merits of Luton's argument based on *Dickey*, the State acknowledges that if the court does not accept its procedural arguments, the holding in *Dickey* applies and Luton's sentence, which is based in part on the treatment of his 1981 pre-KSGA burglary as a person felony, is illegal.

In *Dickey*, the court considered whether classifying a 1992 juvenile adjudication for burglary as a person felony violated the defendant's Sixth Amendment rights as stated in *Apprendi* and *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013). In *Apprendi*, the United States Supreme Court held that any fact that increases the penalty for crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. 530 U.S. at 490. In *Descamps*, the Court determined that *Apprendi* was implicated when a district court enhances a defendant's sentence based on a finding that goes beyond the existence of a prior conviction or the statutory elements that comprised the prior conviction. *Descamps*, 133 S. Ct. at 2288-89.

Applying *Apprendi* and *Descamps*, our Supreme Court in *Dickey* determined that the burglary statute in effect when Dickey committed the 1992 burglary did not require proof that the burgled structure was a dwelling. Thus, in order to determine that the structure was a dwelling, the district court engaged in judicial factfinding that went beyond merely finding the existence of a prior conviction or the statutory elements constituting the prior conviction. Thus, classifying the defendant's prior burglary adjudication as a person felony violated his constitutional rights under *Apprendi* and *Descamps*. For criminal history purposes, the *Dickey* court found that the district court

6

should have classified Dickey's prior burglary adjudication as a nonperson felony. 301 Kan. 1018, Syl. ¶ 8.

Here, as in *Dickey*, the burglary statute in effect when Luton committed his burglary did not require evidence showing that the burgled structure was a dwelling. K.S.A. 21-3715 (Ensley 1981). Thus, classifying the crime as a person offense at sentencing required the district court to go beyond merely finding the existence of a prior conviction or the statutory elements constituting burglary, so classifying Luton's 1981 burglary conviction as a person offense violated his Sixth Amendment constitutional rights as described in *Apprendi* and *Descamps*.

We conclude that the district court erred in summarily denying Luton's motion to correct an illegal sentence based on the incorrect classification of Luton's 1981 burglary conviction as a person offense. Luton's resulting sentence is therefore illegal, and we must vacate it and remand for resentencing. On remand, the district court should classify Luton's burglary conviction as a nonperson offense.

*1984 aggravated burglary conviction*

With respect to Luton's aggravated burglary conviction in 1984, at the time that crime was committed aggravated burglary was not classified as either a person or nonperson felony in Kansas. See K.S.A. 21-3716 (Ensley 1987). But Luton relies on *Murdock* to challenge the classification of this crime as a person felony.

In *Murdock*, the Kansas Supreme Court held that out-of-state crimes committed before the enactment of the KSGA in 1993 must be classified as nonperson offense for criminal history purposes. 299 Kan. 312. But in *Keel*, our Supreme Court overruled *Murdock*. For in-state pre-KSGA convictions, the *Keel* court directed that the sentencing

court should look to the statute criminalizing the prior offense in effect on the date the defendant committed the current crime of conviction. 302 Kan. at 590.

The ruling in *Keel* is consistent with recent amendments to the statute governing classification of Kansas offenses for criminal history purposes. See L. 2015, ch. 5, sec. 1. The new amendments clarify that all prior convictions and juvenile adjudications should receive person/nonperson designations by comparing the crime to the comparable Kansas offense in effect on the date the defendant committed the current crime of conviction. The legislature specifically provided that the amendment should be construed and applied retroactively. L. 2015, ch. 5, sec. 1(d)(2), (d)(3)(B), (e). Luton argues that applying the amended statute to him would violate the Ex Post Facto Clause of Article I, Section 10 of the United States Constitution. But Luton makes this argument only to seek application of the holding in *Murdock*. Because *Murdock* has been overruled, Luton's ex post facto argument is now moot.

Based on *Keel*, the district court did not err in classifying Luton's 1984 aggravated burglary conviction as a person offense.

*Right to be present at hearing*

Finally, Luton claims that he was denied his statutory right to be present at the hearing on his motion to correct an illegal sentence. But in light of our holding to remand for resentencing based on the district court's incorrect classification of Luton's 1981 burglary, this claim is now moot.

Sentence vacated and case remanded for resentencing.