NOT DESIGNATED FOR PUBLICATION

No. 114,027

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GREGORY L. GALES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Edwards District Court; BRUCE T. GATTERMAN, judge. Opinion filed September 30, 2016. Sentence vacated and remanded with directions.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., MCANANY and STANDRIDGE, JJ.

*Per Curiam*:  Gregory L. Gales appeals from the denial of his motion to correct a claimed illegal sentence. He argued before the district court that the sentencing court erroneously classified his 1976 California juvenile burglary adjudication as a person offense, resulting in a higher criminal history score and a longer sentence than if it had been classified as a nonperson offense.

Gales has an extensive criminal history of convictions in both Kansas and California. He was convicted in Kansas in 2001 of intentional second-degree murder and arson. He was sentenced to 267 months for the intentional second-degree murder conviction and 19 months for the arson conviction, for a controlling term of 286 months

1

in prison. This court affirmed his convictions in *State v. Gales*, No. 88,321, 2003 WL 21981941 (Kan. App. 2003) (unpublished opinion), *cert. denied* 541 U.S. 1076 (2004).

There followed a series of motions claiming that his sentence should be vacated because the death certificate of his victim was not properly executed, that the trial court lacked jurisdiction because the charging document was improperly numbered, and that the court should order the exhumation of his victim's body. All of these motions were denied.

In 2014 Gales moved again to correct an illegal sentence, this time relying on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, 589, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016), Gales asserted that his California burglary juvenile adjudication should have been classified as a nonperson offense. He argued that if he had been sentenced under the proper criminal history score, his sentence would have been reduced from 267 months to 203 months. The district court denied relief, and this appeal followed.

On appeal, Gales argues that based on *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015), and *State v. Keel*, 302 Kan. 560, 571, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016), the sentencing court should have scored his 1976 California burglary juvenile adjudication as a nonperson felony.

Resolution of this issue involves the interpretation of the revised Kansas Sentencing Guidelines Act (KSGA), a matter of law over which we have unlimited review. *State v. Luarks*, 302 Kan. 972, 976, 360 P.3d 418 (2015); *Dickey*, 301 Kan. at 1034.

The State contends that Gales is procedurally barred from receiving relief in this appeal based on a number of legal theories. We will examine those defenses before addressing the merits of Gales' appeal.

First, the State argues that Gales is not entitled to relief because a motion to correct an illegal sentence under K.S.A. 22-3504 is not the appropriate vehicle for bringing a constitutional claim. But Gales does not challenge the constitutionality of a sentencing statute or his sentence. Instead, he claims the district court's constitutional error was in calculating his criminal history score, which resulted in an illegal sentence. In *Dickey*, the court held that if the criminal history score is incorrect and results in a longer sentence than would properly be authorized under our sentencing guidelines, the sentence no longer complies with the sentencing statutes and is an illegal sentence. 301 Kan. at 1034 (citing *State v. Neal*, 292 Kan. 625, 631, 258 P.3d 265 [2011]). Then in *State v. Vasquez*, 52 Kan. App. 2d 708, 714-17, 371 P.3d 946 (2016), *petition for rev. filed* May 25, 2016, this court held a motion challenging the classification of a prior conviction under *Dickey* falls squarely within the scope of relief afforded by K.S.A. 22-3504(1). Gale's claim is within the scope of relief afforded by K.S.A. 22-3504.

Second, the State asserts that *Dickey* was wrongly decided because a motion to correct an illegal sentence is not the proper vehicle to attack a "long-since final conviction." But we are bound by the Supreme Court's holding in *Dickey* absent some indication the Supreme Court is departing from its previous position. See *State v. Belone*, 51 Kan. App. 2d 179, 211, 343 P.3d 128, *rev. denied* 302 Kan. 1012 (2015). We see no such indication. This argument should be addressed to the Supreme Court, not to us.

Third, the State claims that Gales abandoned this issue by not raising it in earlier proceedings and he is barred under res judicata from raising it now. But K.S.A. 22-3504(1) provides a limited exception to the general rule that a defendant must raise all available issues on direct appeal. *State v. Martin*, 52 Kan. App. 2d 474, 481, 369 P.3d

3

959 (2016), *petition for rev. filed* May 5, 2016. If a sentence is illegal, the court can correct it at any time even if the defendant failed to raise the issue on direct appeal. This defense fails.

Fourth, the State claims that Gales is not entitled to retroactive application of our Supreme Court's holding in *Dickey*. But we have held "that retroactivity analysis is not applicable when it is determined by a court that a constitutional error affects the defendant's criminal history score resulting in an illegal sentence." *Martin*, 52 Kan. App. 2d at 483-84. This defense does not bar Gales' current claim.

Fifth, the State asserts that Gales has not provided an adequate record to establish what Gales was convicted of because he never required the State to prove his prior conviction at sentencing. But our Supreme Court rejected a similar argument in *Dickey*. See 301 Kan. at 1033-34. This argument does not benefit the State.

Sixth, the State claims that Gales' counsel conceded that Gales was convicted of a residential burglary and thereby "effectively stipulated to the fact that the prior burglary involved a dwelling." But

> "a stipulation or lack of an objection regarding how [convictions or adjudications] should be classified or counted as a matter of law for the purpose of determining the defendant's criminal history score will not prevent a subsequent challenge under K.S.A. 22-3504(1) of his or her prior convictions [or adjudications.] [Citation omitted.]" *Dickey*, 301 Kan. at 1032.

This purported defense does not bar Gales' claim.

Turning to the merits of Gales' claim, the State acknowledges that if we do not accept at least one of its procedural defenses, the case should be remanded for a

4

determination of whether Gales' prior burglary adjudication involved a dwelling under the modified categorical approach articulated in *Dickey*.

There is no dispute that Gales' 1976 California burglary is a felony. The remaining issue is whether this offense should be classified as a person or nonperson offense. That issue hinges on whether Gales burglarized a California dwelling. This is because in Kansas whether a burglary is a person offense depends on the burglary being of a dwelling. See K.S.A. 2015 Supp. 21-5807(a). The parties agree that the California burglary statute in effect in 1976 did not require evidence that the burgled structure was a dwelling.

*Dickey* controls on the merits. In *Dickey*, the court considered whether classifying a prior juvenile adjudication for burglary as a person felony violated the defendant's Sixth Amendment rights as stated in *Apprendi v. New Jersey*, 500 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013). In *Apprendi*, the United States Supreme Court held that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. 530 U.S. at 490. In *Descamps*, the Court determined that *Apprendi* was implicated when a district court enhances a defendant's sentence based on a finding that goes beyond the existence of a prior conviction or the statutory elements that comprised the prior conviction. 133 S. Ct. at 2288-89.

Applying *Apprendi* and *Descamps*, our Supreme Court in *Dickey* determined that the burglary statute in effect when Dickey committed his prior burglary did not require the burglary to be of a dwelling. So in order to determine whether Dickey's prior burglary was of a dwelling and, as a result, a person crime, the district court engaged in judicial factfinding that went beyond merely finding the existence of the prior conviction or the statutory elements constituting the prior crime. Such an examination violated the

5

defendant's Sixth Amendment rights under *Apprendi* and *Descamps*. *Dickey*, 301 Kan. at 1039-40.

Here, classifying Gales' 1976 California burglary as a person offense required the sentencing court to go beyond merely finding the existence of this prior adjudication or comparing the statutory elements constituting burglary. There is no indication in the record that the sentencing court examined the appropriate documents to see whether Gales' California burglary was committed in a dwelling. Those documents would have included the charging documents, plea agreements, jury instructions, verdict forms, and transcripts from plea colloquies as well as findings of fact and conclusions of law from a bench trial. See *Johnson v. United States*, 559 U.S. 133, 144, 130 S. Ct. 1265, 176 L. Ed. 2d 1 (2010). Thus, classifying Gales' 1976 burglary adjudication as a person offense violated his Sixth Amendment constitutional rights as described in *Apprendi* and *Descamps*. Whether Gales' prior California burglary adjudication should be properly scored as a person or nonperson offense requires us to remand to the district court for additional findings as provided by *Dickey*, 301 Kan. at 1039-40.

Sentence vacated and case remanded for resentencing.