NOT DESIGNATED FOR PUBLICATION

No. 121,706

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DESMOND CORTEZ HOLLINSHED,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; JENNIFER ORTH MYERS, judge. Opinion filed October 2, 2020. Appeal dismissed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Daniel G. Obermeier*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., BUSER and POWELL, JJ.

PER CURIAM: Desmond Cortez Hollinshed pleaded guilty to one count of fleeing and eluding and was sentenced to 14 months' imprisonment. He now appeals, arguing for the first time that his criminal history score may be incorrect because his two prior convictions for criminal threat may be for reckless criminal threat which the Kansas Supreme Court has held is unconstitutionally overbroad. Hollinshed asks us to vacate his sentence and remand the case to the district court for further proceedings. In response, the State argues the appeal is moot because Hollinshed has finished serving his sentence.

1

Because we cannot grant any meaningful relief to Hollinshed due to his sentence being completed, we dismiss his appeal as moot.

FACTUAL AND PROCEDURAL BACKGROUND

On June 7, 2019, Hollinshed pleaded guilty to one count of eluding a police officer. The presentence investigation (PSI) report calculated Hollinshed's criminal history score as B, based in part on two prior criminal threat convictions under K.S.A. 21-5415(a)(1). At sentencing, the district court found, without objection, Hollinshed's criminal history score to be B. Hollinshed was sentenced to 14 months' imprisonment with 12 months' postrelease supervision.

Hollinshed timely appeals.

ANALYSIS

Recently, in *State v. Boettger*, 310 Kan. 800, 822, 450 P.3d 805 (2019), *cert. denied* 140 S. Ct. 1956 (2020), the Kansas Supreme Court held that the reckless criminal threat portion of K.S.A. 2018 Supp. 21-5415(a)(1) was unconstitutionally overbroad. "Prior convictions of a crime defined by a statute that has since been determined unconstitutional by an appellate court shall not be used for criminal history scoring purposes." K.S.A. 2019 Supp. 21-6810(d)(9). Hollinshed suggests that his two prior criminal threat convictions were wrongly included in his criminal history if they were for reckless criminal threat. If true, this would have the effect of lowering his criminal history score.

The State argues this discussion is academic because Hollinshed has completed his sentence, making the appeal moot. In his reply brief, Hollinshed does not dispute the fact he has completed his sentence.

2

Mootness asks whether it has been shown by clear and convincing evidence the actual controversy has ended and a judgment would be ineffectual and not impact any of the parties' rights. *State v. Williams*, 298 Kan. 1075, 1082, 319 P.3d 528 (2014). "Generally, Kansas appellate courts do not decide moot questions or render advisory opinions." *State v. Tracy*, 311 Kan. 605, 607, 466 P.3d 434 (2020). Mootness is a discretionary policy used to avoid unnecessary issues but allows a court to consider an issue "when judicial economy would benefit from a decision on the merits." *State v. Roat*, 311 Kan. 581, 587, 466 P.3d 43 (2020). Mootness is a legal question reviewed de novo. 311 Kan. at 590.

However, even a case where a defendant only seeks review over an expired sentence is not necessarily moot if possible collateral consequences to the sentence are enough to justify review on the merits. 311 Kan. at 592. In deciding whether to hear a potentially moot case, "an appellate court should consider whether an issue: (1) is of statewide interest and of the nature that public policy demands a decision, such as those issues that would exonerate the defendant; (2) remains a real controversy; or (3) is capable of repetition." *State v. Hollister*, 300 Kan. 458, 467, 329 P.3d 1220 (2014). Courts should only address issues meeting one of these requirements. 300 Kan. at 467.

Although Hollinshed remains on postrelease supervision, the State argues Hollinshed's proposed remedy would only affect the already-completed sentence, not his postrelease supervision, and is a futile act. But Hollinshed replies that even if his prison term is completed, we should still address the merits of his appeal for three reasons: (1) In a future criminal matter, the State may seek to use the PSI from this case to determine his criminal history and a court may determine Hollinshed is barred by res judicata from challenging his criminal history; (2) this issue is capable of repetition; and (3) the issue is one of public importance.

1.      *Res judicata*

First, Hollinshed argues his appeal is not moot because the State might use the PSI from this case in a future criminal matter against him by arguing Hollinshed settled or waived any criminal history question, preventing a future challenge to the use of his criminal threat convictions in his criminal history.

But a motion to correct an illegal sentence may be filed at any time, and a challenge to an illegal sentence is not barred by res judicata. An illegal sentence would include one created by an incorrect criminal history score. *State v. Vasquez*, 52 Kan. App. 2d 708, 712-13, 371 P.3d 946 (2016). Res judicata requires four elements to be met to bar a claim:  (1) the same claim; (2) the same parties; (3) the claim was or could have been raised in a previous appeal; and (4) a final determination on the merits. *State v. Martin*, 52 Kan. App. 2d 474, 480, 369 P.3d 959 (2016). Hollinshed's challenge to his criminal history would not satisfy the third or fourth element of res judicata as it could not have been raised earlier because, until *Boettger*, reckless criminal threat convictions were believed to be constitutional. Also, no determination of the issue on the merits has yet been made concerning Hollinshed's prior criminal threat convictions.

The Kansas Supreme Court recently addressed this issue in *Tracy*. Tracy asked the Supreme Court to remand his case for resentencing after serving his original sentence. Tracy argued the issue was not moot because it could affect his criminal history score in a future case. The *Tracy* court held that dismissing the appeal would "have no legal effect on how a future sentencing court would classify his prior crimes in a new sentencing proceeding. State law grants a defendant the right to challenge a criminal history worksheet before sentencing. . . . [O]ur sentencing guidelines contemplate a new presentence investigation for each new sentence." 311 Kan. at 608. In a hypothetical future prosecution, a prior crime's "classification will be determined according to the then-governing law." 311 Kan. at 609.

Like *Tracy*, Hollinshed's res judicata argument is unavailing. First, it is speculative to assume Hollinshed will be charged with a crime in the future. Though his criminal history is extensive, it by no means guarantees future criminal charges. Second, though Hollinshed claims the State and district court will just use the PSI report from this case, the statute contemplates a new PSI report for each case and allows a defendant to challenge that report. In a hypothetical future criminal sentencing, Hollinshed will be able to challenge his criminal history and argue his criminal threat convictions should not be considered. Then it becomes the State's burden to prove the criminal history score is correct by a preponderance of the evidence. *State v. Obregon*, 309 Kan. 1267, 1275, 444 P.3d 331 (2019).

Because Hollinshed could challenge his criminal history in a hypothetical future criminal sentencing, we see no res judicata bar as grounds not to declare his appeal moot.

2.      *Capable of Repetition*

Next, Hollinshed argues his appeal is not moot as the issue is capable of repetition because the application of *Boettger* to criminal history will be an issue in future cases.

When framing his argument, Hollinshed leaves off the end of the test—"capable of repetition, yet evading review." See *Southern Pacific. Terminal Co. v. Interstate Commerce Commission*, 219 U.S. 498, 515, 31 S. Ct. 279, 55 L. Ed. 310 (1911); *State v. Bennett*, 288 Kan. 86, 90, 200 P.3d 455 (2009). Hollinshed does not show how this issue will evade review in a future case. As we have explained, should Hollinshed have a future criminal case, he will have the opportunity to challenge the inclusion of his two prior criminal threat convictions in his criminal history. Thus, he fails to persuade us how any court will be unable to address this issue in the future.

3. *Public Concern*

Finally, Hollinshed argues his appeal is not moot and we should consider the merits because the issue is a matter of public importance as consistency in classifying prior criminal threat convictions is vital to carrying out the sentencing guidelines.

Public importance in the context of the mootness doctrine means "'something more than that the individual members of the public are interested in the decision of the appeal from motives of curiosity or because it may bear upon their individual rights or serve as a guide for their future conduct as individuals.'" *State v. Montgomery*, 295 Kan. 837, 841, 286 P.3d 866 (2012).

We are unpersuaded by this argument as well. If a future criminal defendant challenges the inclusion of a prior reckless criminal threat conviction in such defendant's criminal history, then district courts will have *Boettger*'s holding that reckless criminal threat is unconstitutionally overbroad and K.S.A. 2019 Supp. 21-6810(d)(9) directing a prior conviction of a now unconstitutional crime shall not be used for criminal history scoring purposes.

Hollinshed has already served his prison sentence. His postrelease supervision is based on the severity level of his current conviction; his criminal history is irrelevant. Any determination on his criminal history would have no impact. None of the barriers Hollinshed raises to mootness are built on a solid foundation. There is no compelling reason why we should address the propriety of Hollinshed's criminal history on the merits.

Appeal dismissed as moot.