No. 106,643

STATE OF KANSAS, *Appellee*, v. RICHARD ALLEN LUARKS, *Appellant*.
(360 P.3d 418)

Opinion filed October 30, 2015.

*Christina M. Waugh*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Chadwick J. Taylor*, district attorney, *Jodi Litfin*, assistant district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellant.

The opinion of the court was delivered by

NUSS, C.J.: Richard Luarks raises two challenges to the district court's calculation of his criminal history score and his resulting 172-month prison sentence. He generally contends the court erred by over-classifying all three of his pre-Kansas Sentencing Guidelines Act (KSGA) convictions as person felonies. And he also argues the classification as a person felony of one of those convictions—for burglary—was unconstitutional because it was based on a fact that was never proven to a jury beyond a reasonable doubt.

Luarks' arguments are controlled by our recent decisions in *State v. Keel*, 302 Kan. 560, 357 P.3d 251, (2015), and *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015). Under *Keel*, we readily reject Luarks' first argument regarding his pre-KSGA convictions for attempted rape and aggravated battery. But as for Luarks' remaining pre-KSGA conviction for burglary, we agree with him. Under *Dickey*, its person classification was improperly based on the implicit judicial finding that he burglarized a dwelling, a fact never proven to a jury beyond a reasonable doubt.

Accordingly, with only two person felony convictions attributable to Luarks instead of the three calculated by the district court, we vacate Luarks' sentence and remand to that court for resentencing.

## FACTS AND PROCEDURAL HISTORY

In 2011, a jury convicted Luarks of one count of aggravated

battery. The charges arose from a July 2010 incident where Luarks stabbed his girlfriend's neighbor at a Topeka apartment complex.

After Luarks' conviction, court services prepared a presentence investigation report (PSI). The criminal history worksheet in the PSI listed 18 prior convictions, including 3 adult person felony convictions before the KSGA became effective in 1993. See K.S.A. 21-4701 *et seq.*; L. 1992, ch. 239, § 1 (effective July 1, 1993). The person felonies in Luarks' criminal history worksheet are for the following convictions: (1) a 1981 conviction for attempted rape, (2) a 1986 conviction for aggravated battery, and (3) a 1981 conviction for burglary of a residence (collectively the "disputed convictions"). No other person felonies are contained in Luarks' criminal history.

Based on the disputed convictions, Luarks' criminal history score was calculated as A. See K.S.A. 2014 Supp. 21-6809 (offender falls into criminal history category A when offender's criminal history includes three or more adult convictions or juvenile adjudications for person felonies, in any combination). At sentencing, Luarks did not object to his criminal history score, and the district court found it was correct and uncontroverted. Based in part on this finding, the court sentenced him to 172 months' imprisonment.

A panel of the Court of Appeals affirmed Luarks' convictions and sentence. *State v. Luarks*, No. 106,643, 2012 WL 6634395 (Kan. App. 2012) (unpublished opinion). Relevant to this appeal, the panel concluded there was no error in classifying the disputed convictions as person felonies, and consequently, it approved his criminal history score. 2012 WL 6634395, at *9.

This court granted Luarks' petition for review under K.S.A. 20-3018(b), obtaining jurisdiction under K.S.A. 60-2101(b).

## ANALYSIS

Before proceeding to the merits of Luarks' arguments, we must first determine whether they are preserved for appellate review. Luarks did not object at sentencing to his criminal history score. So the State contends this failure precludes appellate review of Luarks' constitutional argument, although it apparently concedes we may consider his statutory argument.

Without addressing the State's unexplained distinction between Luarks' arguments, we conclude both issues are properly subject to our review. In *Dickey*, 301 Kan. at 1027, as here, the defendant failed to object at sentencing to his criminal history or the classification of the prior convictions on which it was based. While his direct appeal was pending, Dickey challenged the person classification of a prior juvenile burglary adjudication by filing a motion to correct illegal sentence under K.S.A. 22-3504(1).

In addressing whether Dickey's failure to object precluded appellate consideration of his motion, we concluded a defendant's failure to object to "how [prior] convictions should be classified or counted as a matter of law for the purpose of determining the defendant's criminal history score will not prevent a subsequent challenge under K.S.A. 22-3504(1)." 301 Kan. at 1032. We based this conclusion on the language in K.S.A. 22-3504(1) authorizing a court to "correct an illegal sentence at any time," noting such challenges necessarily raise a claim that the current sentence is illegal because it does not comply with the applicable statutory provision regarding the term of punishment authorized. 301 Kan. at 1034.

*Dickey*'s rationale permits our consideration of Luarks' arguments. Although Luarks has not filed a motion to correct illegal sentence under K.S.A. 22-3504(1), the substance of his arguments is that the district court imposed an illegal sentence—*i.e.*, one that does not comply with the applicable statutory provision regarding the term of punishment authorized—because the court misclassified several prior convictions. See 301 Kan. at 1034. We have statutory authority to consider illegal sentence issues for the first time on appeal. See K.S.A. 22-3504(1); *Dickey*, 301 Kan. at 1034.

Issue: *The district court did not err by classifying Luarks' convictions for attempted rape and aggravated battery as person felonies under K.S.A. 2014 Supp. 21-6810(d)(6); but it did err by classifying his conviction for burglary as a person felony under K.S.A. 2014 Supp. 21-6811(d).*

Luarks first asserts the district court erred by classifying the disputed convictions as person felonies under K.S.A. 2014 Supp. 21-6810(d)(6). It provides that "unclassified felonies . . . shall be con-

sidered and scored as nonperson crimes for the purpose of determining criminal history." Because Kansas law did not distinguish between person and nonperson offenses when the disputed convictions arose, Luarks contends the district court should have treated them as unclassified offenses, thus making them nonperson felonies. The State responds that Luarks' position is contrary to the legislature's intent in adopting the KSGA.

### Standard of review

Whether a prior conviction should be classified as a person or nonperson offense under K.S.A. 2014 Supp. 21-6810 requires interpretation of the KSGA, which is a question of law subject to unlimited review. *Keel*, 302 Kan. at 571.

### Discussion

Luarks' first argument is controlled by *Keel*—a case in which this court considered and rejected an indistinguishable argument. There, the majority held "the legislature intended for all prior convictions and adjudications—including convictions and adjudications occurring before implementation of the KSGA—to be considered and scored for purposes of determining an offender's criminal history score." 302 Kan. at 581. Recognizing that Kansas did not classify pre-KSGA crimes as person or nonperson, the majority explained "a pre-KSGA conviction and/or adjudication must be classified as either a person or nonperson offense by comparing the criminal statute under which the prior conviction arose to the comparable post-KSGA criminal statute." 302 Kan. at 581. And the majority further concluded in *Keel* that "the comparable post-KSGA criminal statute is the one that was in effect at the time the current crime of conviction was committed." 302 Kan. at 581.

Based on this court's holding in *Keel*, we reject Luarks' argument that all pre-KSGA convictions are necessarily "unclassified" and therefore nonperson offenses. Rather, we must examine the statutes under which the disputed convictions arose and determine the comparable KSGA offenses from July 2010—the date of Luarks' current crime of conviction.

In July 2010, the Kansas Criminal Code prohibited the same offenses that comprise two of Luarks' disputed convictions: attempted rape and aggravated battery. Each was classified as a person felony. See K.S.A. 21-3502 (rape is a person felony); K.S.A. 21-4711(g) (attempt to commit crime shall be treated as person/nonperson in accordance with designation assigned to underlying crime); K.S.A. 21-3414 (aggravated battery is a person felony). Accordingly, we conclude the district court properly applied the KSGA when it classified these two disputed convictions as person felonies under K.S.A. 2014 Supp. 21-6810(d)(6).

As for Luarks' remaining disputed conviction—the 1981 burglary—it is most logically addressed in a separate manner from the other two convictions. He argues the district court's classification of the burglary as a person crime violated his constitutional rights under *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013) (sentencing judge violates Sixth Amendment by finding facts about prior burglary that were not proven to a jury beyond a reasonable doubt), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) (sentencing judge prohibited from finding any fact, other than the existence of a prior conviction, that increases a defendant's sentence). The State responds that the person classification was proper because Luarks specifically pled guilty to burglarizing a residence, which it equates with a dwelling. Our review is unlimited. *Keel*, 302 Kan. at 571; *Dickey*, 301 Kan. at 1034.

Our decision in *Dickey* controls Luarks' argument and requires us to vacate his sentence and remand to the district court for resentencing. In *Dickey*, we addressed an argument identical to Luarks'. There, we held that "in order to classify a prior burglary conviction . . . as a person offense under K.S.A. 2014 Supp. 21-6811(d), a sentencing court must find that the prior burglary involved a 'dwelling,' " which is defined by statute as " 'a building or portion thereof, a tent, a vehicle or other enclosed space which is used or intended for use as a human habitation, home, or residence.' " 301 Kan. at 1021 (quoting K.S.A. 2014 Supp. 21-5111[k]). Because the burglary statute under which Dickey was convicted did not include an element that the structure burglarized be a

dwelling, we held the district court's person classification was constitutionally prohibited under *Descamps* and *Apprendi*. 301 Kan. at 1039 (citing *Descamps*, 133 S. Ct. at 2288-89).

We reach the same conclusion here. The statute under which Luarks was convicted of burglary in 1981, K.S.A. 21-3715 (Weeks), defined burglary as:

"[K]nowingly and without authority entering into or remaining within any building, mobile home, tent or other structure, or any motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony or theft therein.

"Burglary is a class D felony."

Like the statute in *Dickey*, the burglary statute here does not include a dwelling element. So the district court's person classification necessarily required a judicial finding of fact, *i.e.*, that the statutorily-required "structures" that Luarks burglarized were dwellings. See *Dickey*, 301 Kan. 1018, Syl. ¶ 8; accord *State v. Cordell*, 302 Kan. 531, 354 P.3d 1202, 1204 (2015). Because that finding goes beyond merely identifying the statutory elements of the prior burglary adjudication, it is prohibited by *Descamps* and *Apprendi*, as we applied those decisions in *Dickey* and *Cordell*. The State's contention that Luarks' 1981 admission to burgling a residence is immaterial to this elements analysis.

Without this prohibited finding, Luarks' 1981 burglary conviction should have been classified as a nonperson crime. That classification would have resulted in a lower criminal history score—two person felony convictions instead of three—and thus a lower presumptive sentence for Luarks under the Kansas Sentencing Guidelines. See K.S.A. 2014 Supp. 21-6809 (computing criminal history categories based upon number and types of convictions); K.S.A. 21-6804(q) (defining presumptive sentence). Accordingly, we vacate Luarks' sentence and remand for resentencing.

Judgment of the Court of Appeals affirming the district court is reversed. Judgment of the district court is reversed and remanded with directions.