NOT DESIGNATED FOR PUBLICATION

No. 114,343

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MCCARVER LAWSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed May 6, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MALONE, C.J., BUSER and BRUNS, JJ.

*Per Curiam*: In this sentencing appeal, McCarver Lawson appeals the constitutionality of the sentence he received upon his conviction for sexual exploitation of a child. Lawson claims: (1) his lifetime postrelease supervision term constitutes cruel and/or unusual punishment under the Eighth Amendment to the United States Constitution; (2) the district court enhanced his sentence in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), when it used his criminal history for sentencing purposes; and (3) the district court erroneously calculated his criminal history score when it designated two of his pre-Kansas Sentencing Guidelines Act (KSGA) convictions as person crimes.

1

Lawson moved for summary disposition of this appeal under Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67), and we granted leave to proceed without briefing. The State filed a response urging us to affirm Lawson's sentence. Based upon our careful review of the record, we hold the district court did not err in sentencing Lawson.

FACTUAL AND PROCEDURAL BACKGROUND

In keeping with a plea agreement, Lawson pled guilty to one count of sexual exploitation of a child, in violation of K.S.A. 2015 Supp. 21-5510(a)(2), after he "unlawfully and feloniously possess[ed] any visual depiction of a child under 18 years of age shown or heard engaging in sexually explicit conduct with the intent to arouse or satisfy the sexual desires or appeal to the prurient intent of [himself] or any other person." Although Lawson's criminal history revealed that he is a first-time sex offender, his presentence investigation (PSI) report calculated his criminal history score as a B based, in part, upon the classification of a 1985 conviction for aggravated burglary and a 1978 juvenile adjudication for aggravated robbery as person felonies.

At the sentencing hearing on June 4, 2015, Lawson did not object to his criminal history score, and the district court sentenced him to the standard presumptive sentence for an offender with a criminal history score of B and a conviction for a severity level 5 person felony, *i.e.*, a prison term of 120 months. Although there was "a question as to postrelease supervision" prior to the sentencing hearing, the parties informed the court that the issue had been resolved "to both counsel[s'] satisfaction." Consequently, without objection from either party, the district court ordered Lawson to serve a lifetime postrelease supervision term.

2

Lawson timely appealed his sentence.

LIFETIME POSTRELEASE SUPERVISION

For the first time on appeal, Lawson claims his lifetime postrelease supervision term constitutes cruel and/or unusual punishment under the Eighth Amendment to the United States Constitution. In support of this contention, Lawson incorporates the arguments and authorities raised by the defendant in *State v. Williams*, 298 Kan. 1075, 319 P.3d 528 (2014). In *Williams*, the defendant confined his Eighth Amendment claim to a categorical proportionality challenge. He asserted that "mandatory lifetime postrelease supervision is unconstitutionally disproportionate as applied to first-time offenders over age 18 convicted of crimes involving possession of pornographic images of a person under age 18." 298 Kan. at 1086.

At the outset, the State questions whether Lawson properly preserved this issue for appellate review due to his failure to comply with Kansas Supreme Court Rule 6.02(a)(5) (2015 Kan. Ct. R. Annot. 41), which requires an appellant to explain why an issue that was not raised in the district court should be considered on appeal. See *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015) (Rule 6.02[a][5] will henceforth be strictly enforced); *Williams*, 298 Kan. at 1085 (cautioning future litigants to comply with Rule). Nevertheless, we will overlook this procedural bar because the merits of the issue are easily addressed.

Lawson's argument, based on *Williams*, is without merit because in *Williams* our Supreme Court determined the issue adversely to him. In particular, that court found that "[l]ifetime postrelease supervision for a first-time offender over age 18 convicted of sexual exploitation of a child for crimes involving possession of pornographic images of children under age 18 is not categorically disproportionate under the Eighth Amendment." *Williams*, 298 Kan. 1075, Syl. ¶ 8.

3

Lawson acknowledges that our Supreme Court's ruling in *Williams* controls this issue and that we are duty bound to follow Kansas Supreme Court precedent absent some indication that the court is departing from its previous position. See *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). Lawson does not cite any legal authority which suggests that our Supreme Court is considering a departure from its holding in *Williams*, and we are unaware of any change in precedent. Accordingly, we find that Lawson's lifetime postrelease supervision term does not constitute unconstitutional cruel and/or unusual punishment.

USE OF PRIOR CONVICTIONS TO ENHANCE SENTENCE

For his next issue, Lawson contends the district court violated his constitutional rights and the United States Supreme Court's holding in *Apprendi* when it used his criminal history to enhance his sentence without requiring the State to prove his prior convictions to a jury beyond a reasonable doubt. This is a question of law over which we exercise de novo review. *State v. Pennington*, 276 Kan. 841, 851, 80 P.3d 44 (2003).

As Lawson candidly concedes, this issue was previously considered and rejected by our Supreme Court in *State v. Ivory*, 273 Kan. 44, 41 P.3d 781 (2002). In *Ivory*, the Supreme Court held that the use of a defendant's criminal history to calculate the presumptive KSGA sentence does not violate due process as interpreted by *Apprendi*. 273 Kan. at 46-48. Once again, we are duty bound to follow Kansas Supreme Court precedent absent some indication that the court is departing from its previous position. *Meyer*, 51 Kan. App. 2d at 1072. We know of no change in precedent. See *State v. Tahah*, 302 Kan. 783, 795-96, 358 P.3d 819 (2015), *cert. denied* 136 S. Ct. 1218 (2016) (reaffirming *Ivory*). Lawson's argument is not meritorious.

4

Finally, in reliance upon *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, Syl. ¶ 9, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016), Lawson argues that the district court erroneously calculated his criminal history score because it improperly classified his 1985 conviction for aggravated burglary and his 1978 juvenile adjudication for aggravated robbery as person felonies. Whether a prior conviction should be classified as a person or nonperson offense involves interpretation of the KSGA, which is a question of law over which we exercise unlimited review. *Keel*, 302 Kan. at 571.

In *Murdock*, our Supreme Court held that because Kansas did not begin classifying crimes as person or nonperson offenses until the adoption of the KSGA in 1993, district courts must classify all out-of-state convictions committed prior to the enactment of the KSGA as nonperson offenses for criminal history scoring purposes. See *Murdock*, 299 Kan. at 319. Essentially, Lawson requests that we extend the holding of *Murdock* to all pre-1993 convictions.

But after *Murdock* was handed down, the Kansas Legislature amended K.S.A. 2014 Supp. 21-6810, effective April 2, 2015, to clarify that all prior convictions and juvenile adjudications should receive person/nonperson designations by comparing the crime to the comparable Kansas offense in effect on the date the defendant committed the current crime of conviction, and the legislature specified that this amendment, which it deemed procedural in nature, "shall be construed and applied retroactively." L. 2015, ch. 5, sec. 1(d)(2), (d)(3)(B), (e). Moreover, in *Keel*, our Supreme Court overruled *Murdock*, finding that "a pre-KSGA conviction and/or adjudication must be classified as either a person or nonperson offense by comparing the criminal statute under which the prior offense arose to the comparable post-KSGA criminal statute," *i.e.*, "the one that was in

effect at the time the current crime of conviction was committed." *Keel*, 302 Kan. at 581; see also *State v. Luarks*, 302 Kan. 972, 975-76, 360 P.3d 418 (2015) (relying on *Keel* to reject argument that all pre-KSGA offenses should be nonperson offenses).

Lawson committed his current crime on July 18, 2014, and at that time, the Kansas Criminal Code scored aggravated burglary and aggravated robbery as person felonies. See K.S.A. 2015 Supp. 21-5807(c)(3) ("[a]ggravated burglary is a . . . person felony"); K.S.A. 2015 Supp. 21-5420(c)(2) ("[a]ggravated robbery is a . . . person felony"). Accordingly, the district court did not err in classifying these offenses for criminal history scoring purposes. Lawson raises no other objections to his criminal history score or the district court's classification of his prior convictions and adjudications; therefore, we affirm his sentence.

Affirmed.