NOT DESIGNATED FOR PUBLICATION

No. 115,260

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WESLEY SHANE MURPHY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; W. LEE FOWLER, judge. Opinion filed May 12, 2017. Sentence vacated and case remanded with directions.

*Clayton J. Perkins*, of Kansas Appellate Defender Office, for appellant.

*Laura L. Miser*, assistant county attorney, *Marc Goodman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., STANDRIDGE and GARDNER, JJ.

*Per Curiam*:  Wesley Shane Murphy pled no contest to distribution of hydrocodone, illegal use of a communications facility, and possession of hydrocodone. Based on the severity level of the criminal convictions, as well as a presentence investigation (PSI) report that designated Murphy's criminal history score as H, the district court sentenced Murphy to 38 months in prison. On appeal, Murphy argues his sentence is illegal because (1) his presentence investigation (PSI) report included two prior Kentucky misdemeanor convictions but failed to identify the Kentucky statutes under which he was convicted; and (2) the district court improperly scored his prior

1

Kentucky misdemeanors for use in calculating his criminal history. Although we find no merit to the first issue presented by Murphy, we find the district court incorrectly scored Murphy's prior Kentucky misdemeanors, which improperly elevated his criminal history score from I to H in a manner inconsistent with the sentencing statute and resulted in an illegal sentence. Accordingly, we vacate his sentence and remand for resentencing on this second issue.

FACTS

On September 16, 2015, Murphy pled no contest to distribution of hydrocodone, a severity level 4 drug felony; illegal use of a communication facility, a severity level 8 nonperson felony; and possession of hydrocodone, a severity level 5 drug felony. A PSI report prepared before sentencing indicated Murphy's criminal history score as H, in part based on two prior Kentucky misdemeanor convictions:  a 2007 conviction for "[o]perat[ing] on suspended license," and a 2006 conviction for "[t]heft by deception-cold checks." Both convictions were classified as AMN, meaning "Adult Class A Misdemeanor Nonperson." Murphy did not object to his criminal history. The district court sentenced Murphy to a 38-month prison term. Murphy timely appealed.

ANALYSIS

Murphy contends the district court erred by including the two prior Kentucky misdemeanor convictions to calculate his criminal history score and that this error rendered his sentence illegal. Murphy makes two arguments in support of this contention: (1) His PSI report was defective because it failed to identify the Kentucky statutes under which he was convicted; and (2) the district court improperly scored his Kentucky misdemeanors as class A nonperson misdemeanors because the sentencing statute in effect at the time of his current convictions did not provide for the scoring of out-of-state misdemeanors by class.

2

A sentence is illegal under K.S.A. 22-3504 if it "'does not conform to the applicable statutory provision, either in character or the term of authorized punishment.'" *State v. Moncla*, 301 Kan. 549, 551, 343 P.3d 1161 (2015). In deciding whether to designate a prior out-of-state conviction as a person or nonperson felony or misdemeanor for criminal history classification purposes, the district court must refer to comparable offenses under the Kansas Criminal Code in effect on the date the current crime of conviction was committed. K.S.A. 2016 Supp. 21-6811(e). Whether a sentence is illegal under K.S.A. 22-3504(1) and whether a district court properly classified a defendant's prior convictions for criminal history purposes are questions of law over which an appellate court has unlimited review. See *State v. Luarks*, 302 Kan. 972, 976, 360 P.3d 418 (2015); *State v. Taylor*, 299 Kan. 5, 8, 319 P.3d 1256 (2014).

Having set forth the applicable standard of proof and standard of review, we address each of Murphy's arguments in turn.

*PSI report*

Murphy argues his sentence was illegal because the PSI report did not directly identify the Kentucky statutes under which he was convicted. Murphy's PSI report listed, in relevant part, the following information about his prior convictions:

| Statute Or Ordinance # | Description |
|---|---|
| 00403 | Operate on suspended license |
| 01112 | Theft by deception-cold checks |

Although he concedes they were generally identified as convictions in the state of Kentucky, Murphy alleges the numbers 00403 and 01112 on his PSI report do not correspond to the title of any Kentucky statute. Without a reference to the Kentucky statutes under which he was convicted, Murphy argues the district court is without the

3

information necessary to refer to "comparable offenses under the Kansas criminal code" and, in turn, is without the information necessary to designate the out-of-state convictions as person or nonperson misdemeanors for criminal history classification purposes. Murphy asks this court to remand to the district court "to determine the Kentucky statutes corresponding to Mr. Murphy's prior misdemeanor convictions."

But Murphy readily acknowledges in his brief that the numbers 00403 and 01112 printed on his PSI report are a reference to the Kentucky state police violation code rather than the Kentucky revised statutes. The Kentucky state police website provides a spreadsheet of all police violation codes with corresponding Kentucky statutes. See www.kentuckystatepolice.org/violation_codes/2015/nibrs_ucr_correlation.pdf. According to that spreadsheet, Kentucky police violation code 00403 corresponds to Ky. Rev. Stat. Ann. § 186.620(2) (Michie 2009) (operating on a suspended license) and violation code 01112 corresponds with Ky. Rev. Stat. Ann. § 514.040 (Michie 2014) (theft by deception).

In sum, the Kentucky police violation codes provided on Murphy's PSI report merely required the district court to look at the corresponding Kentucky statutes to determine the relevant convictions. Thus, the court had the information necessary to refer to comparable offenses under the Kansas Criminal Code and to decide whether the out-of-state convictions should have been classified as person or nonperson misdemeanors for purposes of calculating his criminal history score.

*Classification of misdemeanors*

Next, Murphy claims the district court's classification of his prior Kentucky misdemeanors as class A offenses is inconsistent with the Kansas criminal history classification statute that was in effect when he committed his current crimes, which necessarily renders his sentence is illegal.

Relevant to the facts presented here, K.S.A. 2016 Supp. 21-6810(d)(5) requires the district court to consider and score all prior class A nonperson misdemeanors and class B select nonperson misdemeanors for purposes of calculating criminal history. And because the prior misdemeanors in this case were committed out of state, K.S.A. 2016 Supp. 21-6811(e) governs the classification process of those prior misdemeanors for purposes of scoring Murphy's criminal history.

Although the legislature has amended K.S.A. 2016 Supp. 21-6811(e) numerous times since recodification of the Kansas Criminal Code in 2010, courts are required to use the version of the statute in existence at the time of the current offense unless the legislature has given retroactive effect to any statutory change after the commission of the crime. See *State v. Denney*, 278 Kan. 643, 646, 101 P.3d 1257 (2004). The dispute between the parties here, however, is not about which version of the criminal history classification statute was in effect when Murphy committed his crimes in June 2015. Instead, the issue is whether amendments made to the criminal history classification statute after Murphy committed his current offenses should be applied retroactively for purposes of scoring his criminal history. Because retroactivity of these amendments to K.S.A. 2016 Supp. 21-6811 is essential to resolving the issue raised by Murphy on appeal, we find it helpful to set forth the relevant portions of the statute in effect when Murphy committed his offenses in June 2015 as well as the statute in effect when Murphy was sentenced in November 2015.

We begin with the amendments made to K.S.A. 2015 Supp. 21-6811 by House Bill 2053, which became effective on April 2, 2015. In this version, the legislature (1) added language to subsection (e) to clarify that a court's decision to classify a prior out-of-state conviction as a person or nonperson offense must be based on the comparable Kansas offense in effect on the date the current crime of conviction was committed and (2) specifically indicated that it intended the amendment to be procedural and apply

5

retroactively. In the excerpt below, the language added to K.S.A. 2015 Supp. 21-6811(e) and (j) by House Bill 2053 is italicized:

"(e) Out-of-state convictions and juvenile adjudications shall be used in classifying the offender's criminal history. An out-of-state crime will be classified as either a felony or a misdemeanor according to the convicting jurisdiction. If a crime is a felony in another state, it will be counted as a felony in Kansas. The state of Kansas shall classify the crime as person or nonperson. In designating a crime as person or nonperson, comparable offenses *under the Kansas criminal code in effect on the date the current crime of conviction was committed* shall be referred to. If the state of Kansas does not have a comparable offense *in effect on the date the current crime of conviction was committed*, the out-of-state conviction shall be classified as a nonperson crime. Convictions or adjudications occurring within the federal system, other state systems, the District of Columbia, foreign, tribal or military courts are considered out-of-state convictions or adjudications. The facts required to classify out-of-state adult convictions and juvenile adjudications shall be established by the state by a preponderance of the evidence.

. . . .

"*(j) The amendments made to this section by this act are procedural in nature and shall be construed and applied retroactively.*" L. 2015, ch. 5, sec 2.

Later, but in the same legislative session, the legislature again amended the language of K.S.A. 2015 Supp. 21-6811 by enacting House Bill 2055, which became effective on July 1, 2015. L. 2015, ch. 90, sec. 2. Relevant to the issue presented here, the legislature (1) added language to subsection (e) to create a procedure for scoring out-of-state misdemeanors as class A, B, or C, based on the comparable Kansas offense and (2) specifically indicated that it intended the retroactivity language in subsection (j) to apply only to the amendments made by H.B. 2053 and not those made by H.B. 2055. In the excerpt below, the language added to K.S.A. 2015 Supp. 21-6811(e) and (j) by House Bill 2055 is italicized:

6

"(e)*(1)* Out-of-state convictions and juvenile adjudications shall be used in classifying the offender's criminal history.

*(2)* An out-of-state crime will be classified as either a felony or a misdemeanor according to the convicting jurisdiction~.~*:*

*(A)* If a crime is a felony in another state, it will be counted as a felony in Kansas.

*(B) If a crime is a misdemeanor in another state, the state of Kansas shall refer to the comparable offense in order to classify the out-of-state crime as a class A, B or C misdemeanor. If the comparable misdemeanor crime in the state of Kansas is a felony, the out-of-state crime shall be classified as a class A misdemeanor. If the state of Kansas does not have a comparable crime, the out-of-state crime shall not be used in classifying the offender's criminal history.*

. . . .

"(j) The amendments made to this section by ~this act~ *2015 House Bill No. 2053* are procedural in nature and shall be construed and applied retroactively." L. 2015, ch. 90, sec. 2.

In calculating Murphy's criminal history score for purposes of sentencing him in the 2015 case, the district court classified his two prior Kentucky misdemeanors as class A misdemeanors. But Murphy claims the version of K.S.A. 2015 Supp. 21-6811 in effect at the time he committed his current offenses in June 2015 did not include a mechanism for classifying prior out-of-state misdemeanors beyond a person/nonperson classification; thus, the court erred in classifying his prior out-of-state offenses as class A misdemeanors. See L. 2015, ch. 5, sec. 2. In order to remedy this error, Murphy contends we must remand for resentencing so the court can reclassify his prior Kentucky offenses as nonperson unclassified misdemeanors, which necessarily eliminates them from consideration in calculating his criminal history score. See K.S.A. 2015 Supp. 21-6810(a), (d)(5) (misdemeanor classifications for scoring purposes include person misdemeanors, nonperson class A misdemeanors, and select class B nonperson misdemeanors).

7

The State does not disagree that the version of the criminal history classification statute in effect when Murphy *committed* his current offenses did not authorize the district court to classify Murphy's prior out-of-state offenses as class A misdemeanors. See L. 2015, ch. 5, sec. 2. But the State argues that the July 1, 2015, version of the statute—which became effective after Murphy committed his offenses in June 2015 but before Murphy was sentenced in November 2015—operated retroactively to provide the court with that authority. For the reasons stated below, we are not persuaded by the State's argument.

The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *State v. Reese*, 300 Kan. 650, 653, 333 P.3d 149 (2014). Legislative intent can be ascertained through the statutory language enacted. *State v. Urban*, 291 Kan. 214, 216, 239 P.3d 837 (2010).

When the legislature amended K.S.A. 2015 Supp. 21-6811 in House Bill 2053 to clarify that classification of prior out-of-state convictions as person or nonperson offenses must be based on the comparable Kansas offense in effect when the current crime was committed, the legislature added a provision to the statute stating its intent that the amendment apply retroactively. L. 2015, ch. 5, sec. 2(j) ("The amendments made to this section by this act are procedural in nature and shall be construed and applied retroactively."). When the legislature amended K.S.A. 2015 Supp. 21-6811 in House Bill 2055 to create a procedure for scoring out-of-state misdemeanors as class A, B, or C, based on comparable Kansas offenses, the legislature made clear its intention that the retroactivity provision in the statute be applied only to the amendments made by House Bill 2053 and not to those made by House Bill 2055. L. 2015, ch. 90, sec. 2(j) ("The amendments made to this section by *2015 House Bill No. 2053* are procedural in nature and shall be construed and applied retroactively."). House Bill 2055 deleted the existing retroactivity language, which stated that the amendments of "this act" apply retroactively. If that language had not been deleted, the State's retroactivity argument would be more

8

persuasive. But the legislature narrowed the language to clarify that only the amendments made by "2015 House Bill No. 2053" apply retroactively. L. 2015, ch. 90, sec. 2(j); see *State v. Bryan*, 281 Kan. 157, 159, 130 P.3d 85 (2006) (ordinary words are to be given ordinary meaning and when statute is plain and unambiguous, appellate court must give effect to legislature's intent as expressed rather than determining what law should or should not be).

In sum, the amendments made in House Bill 2055 and enacted in K.S.A. 2015 Supp. 21-6811(e) do not apply retroactively to Murphy's sentence. K.S.A. 2015 Supp. 21-6811(e), as amended by House Bill 2053, did not include a mechanism for classifying prior out-of-state misdemeanors into the class A, B, or C category. Thus, the district court's classification of his prior Kentucky misdemeanors as class A offenses did not conform to the Kansas criminal history classification statute that was in effect when he committed his current crimes, which necessarily renders his sentence is illegal. *Moncla*, 301 Kan. at 551 (A sentence is illegal under K.S.A. 22-3504 if it "'does not conform to the applicable statutory provision, either in character or the term of authorized punishment.'"). Because it is illegal, we vacate his sentence and remand for resentencing so the district court can reclassify Murphy's prior Kentucky offenses as nonperson unclassified misdemeanors, which necessarily will eliminate them from consideration in calculating his criminal history score. See K.S.A. 2015 Supp. 21-6810(a), (d)(5) (misdemeanor classifications for scoring purposes include person misdemeanors, nonperson class A misdemeanors, and select class B nonperson misdemeanors).

Sentence vacated and case remanded with directions.