NOT DESIGNATED FOR PUBLICATION

Nos. 116,785
116,786

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MATTHEW WADE ODEN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; JAMES CHARLES DROEGE, judge. Opinion filed February 16, 2018. Reversed and remanded with directions.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., MCANANY and GARDNER, JJ.

PER CURIAM:  In 2016, Matthew Wade Oden entered pleas of guilty to two felonies and two misdemeanors. He was sentenced based on a criminal history score of A because the presentence investigation report (PSI) classified his three prior second-degree burglary convictions in Missouri as person felonies. Oden appeals his sentence, arguing that the district court's classification of his prior Missouri crimes as person crimes was in error.

1

In 2016, Oden pled guilty to several crimes, including burglary of a dwelling. The PSI used at his sentencing hearing classified his three prior convictions for second-degree burglaries in Missouri as person felonies, resulting in a criminal history score of A. Oden did not object to this criminal history score at the time, but his failure to object does not prevent him from now challenging on appeal how these prior convictions were classified. See *State v. Luarks*, 302 Kan. 972, 975, 360 P.3d 418 (2015). In any event, the district court accepted the PSI's criminal history score of A and sentenced Oden accordingly. Oden's appeal raises a question of law over which we have unlimited review. *State v. Taylor*, 299 Kan. 5, 8, 319 P.3d 1256 (2014).

The Kansas Sentencing Guidelines Act requires the sentencing court to include out-of-state convictions when calculating a defendant's criminal history score. K.S.A. 2016 Supp. 21-6811(e)(1). The court must first determine whether an out-of-state conviction should be treated as a misdemeanor or felony based on how the convicting state classifies the crime. K.S.A. 2016 Supp. 21-6811(e)(2). Oden does not complain about the district court characterizing his Missouri crimes as felonies. Mo. Rev. Stat. § 569.170 (2000) classifies burglary in the second degree as a felony.

The issue in this appeal centers on the sentencing court's characterizing his prior Missouri second-degree burglary convictions as person crimes. Under the Kansas Sentencing Guidelines Act, the sentencing court classifies an out-of-state conviction as either a person or nonperson crime by comparing the out-of-state statute under which the conviction arose to a corresponding Kansas statute in effect at the time of the current Kansas conviction. K.S.A. 2016 Supp. 21-6811(e)(3); *State v. Keel*, 302 Kan. 560, 581, 357 P.3d 251 (2015). The out-of-state offense and the corresponding Kansas offense only need to be comparable, not identical. *State v. Williams*, 299 Kan. 870, 873, 326 P.3d 1070 (2014). To be comparable, the other crime must be "'similar in nature'" and the statute must "'cover a similar type of criminal conduct.'" *State v. Riolo*, 50 Kan. App. 2d 351, 353, 330 P.3d 1120 (2014), *rev. denied* 302 Kan. 1019 (2015). If Kansas does not have a

2

comparable crime, the out-of-state conviction must be classified as a nonperson offense. K.S.A. 2016 Supp. 21-6811(e)(3).

In making this comparability determination, the sentencing court cannot make findings regarding the facts underlying the out-of-state conviction. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Rather than engaging in fact-finding, the sentencing court must employ either the categorical or modified categorical approach described in *State v. Dickey*, 301 Kan. 1018, 1038-40, 350 P.3d 1054 (2015).

If the out-of-state statute does not contain alternative means of committing the crime, the court uses the categorical approach to make an element-by-element comparison of the two statutes to determine if the statutes are sufficiently similar for the Kansas statute to be considered a comparable offense.

But if the out-of-state statute contains alternative means of committing the crime, the sentencing court compares the alternative versions of the out-of-state crime to the Kansas statute. If none of the versions of the out-of-state statute contains all of the elements of the Kansas statute, the out-of-state crime must be classified as a nonperson crime. But if at least one of the alternative versions sufficiently matches all of the elements of the Kansas statute, under the modified categorical approach the court can examine a limited class of documents to determine which of the alternative versions of the crime the defendant committed. 301 Kan. at 1037-38 (citing *Descamps v. United States*, 570 U.S. 254, 133 S. Ct. 2276, 186 L. Ed. 2d 438 [2013]). If the defendant committed a version of the crime with elements comparable to a Kansas person crime, the out-of-state conviction is scored as a person crime.

3

At the time of Oden's current Kansas crimes, Kansas defined burglary as follows:

"(a) Burglary is, without authority, entering into or remaining within any:

(1) Dwelling, with intent to commit a felony, theft or sexually motivated crime therein;

(2) building, manufactured home, mobile home, tent or other structure which is not a dwelling, with intent to commit a felony, theft or sexually motivated crime therein; or

(3) vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony, theft or sexually motivated crime therein." K.S.A. 2015 Supp. 21-5807.

Only burglary as defined in subsection (a)(1)—burglary of a dwelling—is a person crime. K.S.A. 2015 Supp. 21-5807(c)(1)(A).

Oden's Missouri convictions were for second-degree burglary, which was defined as follows: "A person commits the crime of burglary in the second degree when he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein." Mo. Rev. Stat. § 569.170. Missouri defined an "inhabitable structure" as:

"[A] ship, trailer, sleeping car, airplane, or other vehicle or structure:

"(a) Where any person lives or carries on business or other calling; or

"(b) Where people assemble for purposes of business, government, education, religion, entertainment or public transportation; or

"(c) Which is used for overnight accommodation of persons. Any such vehicle or structure is 'inhabitable' regardless of whether a person is actually present." Mo. Rev. Stat. § 569.010(2) (2000).

Second-degree burglary is a felony. Mo. Rev. Stat. § 569.170.

4

In *State v. Wetrich*, No. 112,361, 2016 WL 197808, at *5 (Kan. App.) (unpublished opinion), *rev. granted* 305 Kan. 1258 (2016), a panel of this court found that the Missouri burglary statute, Mo. Rev. Stat. § 569.170 (1988), was divisible because it specified that the crime of second-degree burglary could be committed in "a building" or an "inhabitable structure." But Missouri defined an inhabitable structure to include a broad range of structures that are not dwellings under Kansas law. Thus, the panel concluded that none of the alternative elements in the Missouri statute matches the "essential 'dwelling' element" in the Kansas statute and held that the defendant's Missouri burglary conviction should have been scored as a nonperson felony. 2016 WL 197808, at *5.

Thereafter, the United States Supreme Court decided *Mathis v. United States*, 579 U.S. ___, 136 S. Ct. 2243, 195 L. Ed. 2d 604 (2016). In *Mathis* the Court considered the Iowa burglary statute which lists various alternatives for satisfying the element of where the burglary took place. The Court stated:

> "The comparison of elements that the categorical approach requires is straightforward when a statute sets out a single (or 'indivisible') set of elements to define a single crime. . . .
>
> "Some statutes, however, have a more complicated (sometimes called 'divisible') structure, making the comparison of elements harder. [Citation omitted.] A single statute may list elements in the alternative, and thereby define multiple crimes. . . .
>
> "This case concerns a different kind of alternatively phrased law: not one that lists multiple elements disjunctively, but instead one that enumerates various factual means of committing a single element. See generally, *Schad v. Arizona*, 501 U.S. 624, 636, 111 S. Ct. 2491, 115 L. Ed. 2d 555 (1991) (plurality opinion) ('[L]egislatures frequently enumerate alternative means of committing a crime without intending to define separate elements or separate crimes'). . . . [A] statute might—indeed, as soon discussed, Iowa's burglary law does—itemize the various places that a crime could occur as disjunctive factual scenarios rather than separate elements, so that a jury need not

5

make any specific findings (or a defendant admissions) on that score. [Citations omitted.]" 136 S. Ct. at 2248-49.

The *Mathis* court observed further:

"If statutory alternatives carry different punishments, then under *Apprendi* they must be elements. [Citations omitted.] Conversely, if a statutory list is drafted to offer 'illustrative examples,' then it includes only a crime's means of commission. [Citations omitted.] And a statute may itself identify which things must be charged (and so are elements) and which need not be (and so are means). [Citation omitted.]" 136 S. Ct. at 2256.

Thus, when the statute provides alternative means for committing the crime, the modified categorical approach, which permits the court to consider certain documents beyond the mere statutory elements of the crime, is not appropriate because the statute "merely specifies diverse means of satisfying a single element of the crime." 136 S. Ct. at 2249. The Iowa statue at issue simply listed various alternative means of satisfying a single element of the crime: where it occurred. 136 S. Ct. at 2250.

In *State v. Fahnert*, 54 Kan. App. 2d 45, 54, 396 P.3d 723 (2017), the court considered the same Missouri burglary statute and reached the same result as in *Wetrich*—that neither the "building" nor "inhabitable structure" elements matched the "dwelling" element in K.S.A. 2014 Supp. 21-5807.

The court in *Fahnert* found that the sentencing court improperly examined documents from the underlying Missouri conviction to establish that the defendant's Missouri conviction was for burglary of a residence. 54 Kan. App. 2d at 54. The Missouri second-degree burglary statute listed various alternative means by which the crime could be committed. See *Givens v. United States*, No. 4:16-CV-1143 CAS, 2016 WL 7242162, at *5-7 (E.D. Mo. 2016). A conviction under the Missouri statute was not dependent upon the burgled structure being a dwelling. On the other hand, the burgled structure being a

6

dwelling is a critical element for a Kansas burglary to be a person crime. Based on *Mathis*, the *Fahnert* court reasoned that, under any test, the Missouri burglary statute lacked the critical element of "dwelling." Thus, the elements of the Kansas and Missouri statutes were dissimilar, and the district court's examination of documents to determine if the Missouri burglary was of a dwelling violated the defendant's rights under *Apprendi*. *Fahnert*, 54 Kan. App. 2d at 60.

In Oden's case, the district court erroneously scored his prior Missouri second-degree burglary convictions as person crimes. Because the Missouri statute does not require the crime to involve a dwelling, as the Kansas statute does, the Kansas and Missouri statutes are not comparable. The crimes they address are not similar in nature and do not cover a similar type of criminal conduct. Because Kansas does not have a comparable crime to the Missouri crime of second-degree burglary, Oden's Missouri convictions should have been classified as nonperson offenses pursuant to K.S.A. 2016 Supp. 21-6811(e)(3). Accordingly, we must vacate Oden's sentence and remand the case to the district court to resentence Oden and in doing so treat his Missouri second-degree burglary convictions as nonperson crimes.

With this, it is unnecessary to address Oden's other arguments for setting aside his conviction based on the treatment of these prior Missouri convictions.

Reversed and remanded for resentencing.

\* \* \*

GARDNER, J., dissenting:  Consistent with my positions in *State v. Moore*, 52 Kan. App. 2d 799, 377 P.3d 1162, *rev. granted* 305 Kan. 1256 (2016), and *State v. Sodders*, No. 115,366, 2017 WL 462046 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* March 3, 2017, I respectfully dissent from the majority's result and reasoning. I

7

would find that the statutory elements of Mo. Rev. Stat. § 569.170 (2000) for second degree burglary are comparable, although not identical, to the statutory elements of K.S.A. 2015 Supp. 21-5807(c)(1)(A)—burglary of a dwelling. No more is necessary. See *State v. Collier*, 306 Kan. 521, 528, 394 P.3d 1164 (2017) ("Moreover, the sentencing court's classification of a prior crime under *Keel* is not a factual finding but a question of law that turns solely on the application of the KSGA. . . . Without unduly belaboring the point, the person-crime classification generally does not require the type of historical factfinding ordinarily at issue in *Apprendi* cases."); *State v. Vandervort*, 276 Kan. 164, 179, 72 P.3d 925 (2003) (holding closest Kansas "approximation" to out-of-state statute under which conviction arose was comparable offense for classification purposes, rejecting argument that elements must be identical, and noting "[f]or purposes of determining criminal history, the offenses need only be comparable, not identical"), *overruled on other grounds by State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015). I would affirm.