NOT DESIGNATED FOR PUBLICATION

Nos. 116,384
116,385

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHANE TRAVERS GARRETT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed July 27, 2018. Sentences vacated and case remanded with directions.

*Ryan J. Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Anna M. Jumpponen*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., PIERRON and LEBEN, JJ.

BUSER, J: In this consolidated appeal, Shane Travers Garrett appeals his sentences in two criminal cases following his convictions of possession of methamphetamine and possession with intent to distribute a controlled substance. Garrett contends the district court erred by classifying his prior 2009 California first-degree burglary conviction as a person felony for criminal history purposes. We agree and, therefore, vacate Garrett's sentences and remand to the district court for resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

In November 2015, Garrett pled no contest to possession of methamphetamine and possession with intent to distribute a controlled substance. He was found guilty of both felony offenses. The presentence investigation report calculated Garrett's criminal history score as B, based in part on his 2009 California conviction for first-degree burglary.

At sentencing, Garrett objected to the classification of his prior California burglary conviction as a person felony. The district court reviewed the California complaint and overruled Garrett's objection. The district court then sentenced Garrett to a controlling term of 78 months in prison, based on a criminal history score of B. Garrett appeals.

ANALYSIS

On appeal, Garrett contends the district court erred by classifying his 2009 California first-degree burglary conviction as a person felony. In particular, he argues his California conviction is not comparable to any crime of burglary in Kansas. The State responds that, while the Kansas and California burglary statutes do not have identical elements, they are sufficiently similar to constitute comparable offenses for purposes of calculating Garrett's sentence.

Whether a prior conviction is properly classified as a person or nonperson offense requires interpretation of the Kansas Sentencing Guidelines Act (KSGA) and is a question of law subject to unlimited review. *State v. Luarks*, 302 Kan. 972, 976, 360 P.3d 418 (2015).

Under the KSGA, a defendant's sentence is based on the severity level of the current offense and the defendant's criminal history score. See K.S.A. 2017 Supp. 21-6804(a); K.S.A. 2017 Supp. 21-6805(a). The severity level of the current offense is set by

statute. The criminal history score is based on the defendant's prior convictions, including out-of-state convictions. K.S.A. 2017 Supp. 21-6809; K.S.A. 2017 Supp. 21-6811(e).

Kansas courts follow a two-step process to classify an out-of-state conviction. First, the court determines whether the prior conviction is a misdemeanor or a felony based on the convicting jurisdiction's classification of the conviction. K.S.A. 2017 Supp. 21-6811(e)(2). Garrett acknowledges that the district court properly characterized his California burglary conviction as a felony. As a result, that issue is not before us.

The second step is to classify the defendant's out-of-state conviction as either a person or nonperson offense. The court makes this determination by referring to a comparable Kansas offense in effect on the date the current crime was committed. K.S.A. 2017 Supp. 21-6811(e)(3). For example, if there is a comparable offense and Kansas classifies it as a person crime, the out-of-state conviction also should be classified as a person crime. K.S.A. 2017 Supp. 21-6811(e)(3). But if there is no comparable Kansas offense, the out-of-state conviction must be classified as a nonperson crime. K.S.A. 2017 Supp. 21-6811(e)(3).

After the appellate briefs were filed in this case, our Supreme Court clarified the meaning of a "comparable offense" as used in K.S.A. 2017 Supp. 21-6811(e)(3). In *State v. Wetrich*, 307 Kan. 552, 562, 412 P.3d 984 (2018), the court held:

> "For an out-of-state conviction to be comparable to an offense under the Kansas criminal code, the elements of the out-of-state crime cannot be broader than the elements of the Kansas crime. In other words, the elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being referenced."

3

In applying the *Wetrich* analysis to this case on appeal, we must compare the elements of the California burglary statute with the elements of the Kansas burglary statute. 307 Kan. at 562.

At the time of Garrett's California burglary conviction, Cal. Penal Code § 459 provided:

"Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, . . . floating home, . . . railroad car, locked or sealed cargo container, whether or not mounted on a vehicle, trailer coach, . . . any house car, . . . inhabited camper, . . . vehicle . . . when the doors are locked, aircraft . . . or mine or any underground portion thereof, with intent to commit grand or petit larceny or any felony is guilty of burglary."

In addition, California law categorized burglary into degrees. Garrett was convicted of first-degree burglary, which was defined as a "burglary of an inhabited dwelling house, vessel, . . . which is inhabited and designed for habitation, floating home, . . . or trailer coach, . . . or the inhabited portion of any other building." Cal. Penal Code § 460.

As these California statutes show, "the substantive crime of burglary is defined by its elements as: (1) entry into a structure, (2) with the intent to commit theft or any felony." *People v. Anderson*, 47 Cal. 4th 92, 101, 211 P.3d 584 (2009). If these two elements are proven and the structure was inhabited at the time of the entry, the crime is elevated to first-degree burglary. 47 Cal. 4th at 101.

When Garrett committed his current crimes, Kansas defined burglary as follows:

"(a) Burglary is, *without authority*, entering into or remaining within any:

4

(1) Dwelling, with intent to commit a felony, theft or sexually motivated crime therein;

(2) building, manufactured home, mobile home, tent or other structure which is not a dwelling, with intent to commit a felony, theft or sexually motivated crime therein; or

(3) vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony, theft or sexually motivated crime therein.

"(b) Aggravated burglary is, *without authority*, entering into or remaining within any building, manufactured home, mobile home, tent or other structure, or any vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property in which there is a human being with intent to commit a felony, theft or sexually motivated crime therein." (Emphases added.) K.S.A. 2015 Supp. 21-5807.

In Kansas, burglary of a dwelling and aggravated burglary were classified as person felonies. K.S.A. 2015 Supp. 21-5807(c). However, burglary as defined in either subsection (a)(2) or (a)(3) was classified as a nonperson felony. K.S.A. 2015 Supp. 21-5807(c).

A Kansas burglary—whether a person or nonperson felony—required that the defendant enter into or remain within an area "without authority." K.S.A. 2015 Supp. 21-5807. In contrast, the California crime of first-degree burglary lacks the element that the defendant's entry be unauthorized and, as a result, covers conduct as broad as theft by a social guest. Quite simply, the California burglary statutes thus proscribe broader conduct than does Kansas' counterpart. See *State v. Harper*, 246 Kan. 14, 19-21, 785 P.2d 1341 (1990) (noting an unauthorized entry is an essential element in the Kansas burglary statute and rejecting the "California rule" that a defendant's criminal intent upon entry renders the authorized entry into the building an unlawful burglary.) In other words, the elements of a California first-degree burglary are not identical to, or narrower than, the elements of a Kansas burglary.

5

Applying *Wetrich* to the facts of this case, we hold the California first-degree burglary conviction was not comparable to the Kansas offense of burglary as it existed when Garrett committed the crimes in the present case. Because there is no comparable offense, Garrett's California conviction for first-degree burglary should be classified as a nonperson crime. Accordingly, the sentences are vacated, and the case is remanded for resentencing with directions to classify Garrett's 2009 California burglary conviction as a nonperson felony.

Sentences vacated and case remanded for resentencing with directions.