NOT DESIGNATED FOR PUBLICATION

No. 118,902

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WARREN A. LACEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion filed December 7, 2018. Sentence vacated and case remanded with directions.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., STANDRIDGE, J., and WALKER, S.J.

PER CURIAM: Warren A. Lacey appeals the sentence imposed by the district court after he pled guilty to a second-time violation of the Kansas Offender Registration Act (KORA). Lacey contends that the district court erroneously calculated his criminal history score by classifying his prior California robbery conviction as a person felony. Upon review, we agree with Lacey. Accordingly, we vacate Lacey's sentence and remand with directions for the district court to score his prior California robbery conviction as a nonperson felony for criminal history purposes.

On October 10, 2017, Lacey pled guilty to a second-time violation of the KORA. A presentence investigation (PSI) report listed Lacey's criminal history score as B, based in part on a 1983 California robbery conviction. The PSI report classified this prior conviction as a person felony. At sentencing, the district court found that Lacey had a criminal history score of B and sentenced him to 114 months in prison. Lacey filed this timely appeal.

In his sole issue on appeal, Lacey argues that his sentence is illegal because the district court incorrectly classified his prior California robbery conviction as a person felony when calculating his criminal history score. A sentence is illegal when it is imposed by a court without jurisdiction; it does not conform to the applicable statutory provision, either in character or punishment; or it is ambiguous with respect to the time and manner in which it is to be served. K.S.A. 2017 Supp. 22-3504(3). Lacey's challenge to his criminal history score is an argument that his sentence does not conform to the applicable statutory provision in terms of punishment and is, therefore, illegal. See *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015).

Although Lacey did not challenge his criminal history score below, a defendant may challenge for the first time on appeal the classification of his or her prior convictions and/or the resulting criminal history score used to sentence him or her under the revised Kansas Sentencing Guidelines Act (KSGA). See *Dickey*, 301 Kan. 1018, Syl. ¶ 3; see also K.S.A. 2017 Supp. 22-3504(1) ("The court may correct an illegal sentence at any time."). Whether a prior conviction is properly classified as a person or nonperson offense requires interpretation of the KSGA and involves a question of law subject to unlimited review. *State v. Luarks*, 302 Kan. 972, 976, 360 P.3d 418 (2015).

Under the KSGA, a defendant's sentence is based on the severity level of the current offense and the defendant's criminal history score. See K.S.A. 2017 Supp. 21-6804(a); K.S.A. 2017 Supp. 21-6805(a). The severity level of the current offense is set by

2

statute. The criminal history score is based on the defendant's prior convictions, including out-of-state convictions. K.S.A. 2017 Supp. 21-6809; K.S.A. 2017 Supp. 21-6811(e).

Kansas courts follow a two-step process to classify an out-of-state conviction. First, the court must categorize the prior conviction as a misdemeanor or a felony. To do so, the court defers to the convicting jurisdiction's classification of the conviction as a felony or misdemeanor crime. K.S.A. 2017 Supp. 21-6811(e)(2). Lacey does not challenge the district court's characterization of his California robbery conviction as a felony. Thus, Kansas will score Lacey's prior crime as a felony.

In the second step, the court must classify the defendant's out-of-state conviction as either a person or nonperson offense. With regard to this determination, K.S.A. 2017 Supp. 21-6811(e)(3) provides guidance: "In designating a crime as person or nonperson, *comparable* offenses under the Kansas criminal code in effect on the date the current crime of conviction was committed shall be referred to." (Emphasis added.) If there is no comparable crime, the court should classify the conviction as a nonperson crime. But if there is a comparable offense and the Kansas crime is classified as a person crime, the out-of-state conviction should also be classified as a person crime. See K.S.A. 2017 Supp. 21-6811(e)(3).

Earlier this year, our Supreme Court clarified the meaning of a "comparable offense" as used in K.S.A. 2017 Supp. 21-6811(e)(3).

"For an out-of-state conviction to be comparable to an offense under the Kansas criminal code, the elements of the out-of-state crime cannot be broader than the elements of the Kansas crime. In other words, the elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being referenced." *State v. Wetrich*, 307 Kan. 552, 562, 412 P.3d 984 (2018).

3

The State argues that *Wetrich* does not apply to Lacey's case because of a 2017 amendment to K.S.A. 22-3504 that states: "A sentence is not an 'illegal sentence' because of a change in the law that occurs after the sentence is pronounced." K.S.A. 2017 Supp. 22-3504(3). The State contends that the Supreme Court's holding in *Wetrich* amounts to a change in the law that occurred after Lacey was sentenced and cannot form the basis for finding that his sentence is illegal. But the *Wetrich* court did not change the law. Instead, it merely clarified the meaning of "comparable offense" in K.S.A. 2017 Supp. 21-6811: "We can resolve the issue presented here on the basis of statutory interpretation [of K.S.A. 2017 Supp. 21-6811]." *Wetrich*, 307 Kan. at 558; see *State v. Smith*, 56 Kan. App. 2d 343, 353-54, No. 118,042, 2018 WL 4374273 (2018) ("Our Supreme Court's holding in *Wetrich* is a reinterpretation of an existing statute and not a change in the law within the meaning of the 2017 amendment to the definition of an illegal sentence in K.S.A. 22-3504."), *petition for rev. filed* September 26, 2018. Because the *Wetrich* court merely interpreted a statute that was in effect at the time of Lacey's sentencing, the *Wetrich* rule applies here. See *Smith*, 56 Kan. App. 2d at 354 ("[A] judicial construction of a statute is an authoritative statement of what the statute meant *before* as well as after the decision.").

We now turn to the question of whether Lacey's sentence is illegal under the identical-or-narrower rule set out in *Wetrich*. To do so, we must compare the 1983 California robbery statute with the Kansas robbery statute in effect at the time of Lacey's current conviction. See K.S.A. 2017 Supp. 21-6811(e)(3).

The PSI report lists Lacey's 1983 California robbery conviction as "Robbery— Used Weapon." The California statute at the time of this crime defined robbery as follows: "[T]he felonious taking of personal property in the possession of another, from his [or her] person or immediate presence, and against his [or her] will, accomplished by means of force or fear." Cal. Penal Code § 211 (1982). Robbery in the first degree was defined as "[a]ll robbery perpetrated . . . by a person being armed with a dangerous or

4

deadly weapon." Cal. Penal Code § 211a (1978; repealed 1986). The California Legislature defined the term "fear" as referenced in § 211 as:

> "1. The fear of an unlawful injury to the person or property of the person robbed, or of any relative or member of his family; or,
>
> "2. The fear of an immediate and unlawful injury to the person or property of anyone in the company of the person robbed at the time of the robbery." Cal. Penal Code § 212 (1963).

In Kansas, robbery is defined as "knowingly taking property from the person or presence of another by force or by threat of bodily harm to any person." K.S.A. 2017 Supp. 21-5420(a). The statute further defines the crime of aggravated robbery as robbery committed by a person who (1) is armed with a dangerous weapon or (2) inflicts bodily harm upon any person in the course of such robbery. K.S.A. 2017 Supp. 21-5420(b).

California's definition of robbery is significantly broader than Kansas' definition of robbery. Under California's definition, a defendant could be convicted of robbery by threatening to damage a person's property. Kansas' definition of robbery requires taking property by force or threat of bodily harm to a person and does not include a threat to a person's property. Thus, Lacey's California conviction could have resulted from conduct exceeding Kansas' definition of robbery. As a result, the California robbery statute is broader than the Kansas robbery statute and cannot be used as a comparable offense under K.S.A. 2017 Supp. 21-6811(e)(3). See *Wetrich*, 307 Kan. at 558-61; *State v. Cannon*, No. 117,463, 2018 WL 1770490, at *2-3 (Kan. App. 2018) (unpublished opinion) (finding similar Illinois statute that defines robbery to include threat of damage to a person's property broader than Kansas robbery statute). Because it is not a comparable offense, Lacey's 1983 California robbery conviction cannot be considered a person felony for calculation of his criminal history score.

Sentence vacated and case remanded with directions.

5